AUGUSTUS S. PHELPS v. ELIZABETH ANN RIGHTOR and others.

A sheriff's sale of moveable effects, or rights and credits, is not valid, unless it has been preceded by an appraisement of the property seized, according to the rules laid down in the Code of Practice ; and under those rules such property cannot be adjudicated for cash, unless it brings two-thirds of the appraisement. C. P. 671, 675, 676, 680.

Laws *in pari materia* must be construed together, to ascertain the meaning of the legislator.

APPEAL from the District Court of Ascension, *Nicholls*, J.

*C. A. Johnson* and *T. Slidell*, for the plaintiff.

*Connely*, for the appellants.

SIMON, J. The plaintiff claims to be the owner of a certain note of hand for $3,000, which he describes in his petition, and which having been seized by the sheriff of the parish of Orleans, by virtue of an execution issued against him on a judgment obtained by the defendants, was sold and adjudicated at a sheriff's sale to the said defendants for the sum of $1,000, payable in cash. He seeks to annul the said sale, on the ground that there was no appraisement made of the said note, according to law, previous to a cash sale.

The defendants joined issue by setting up their title to the said note under the sheriff's sale: further alleging that the net proceeds of the note sued for, amounting to $844 37, have been credited on their judgment; that they are only responsible for the value thereof, in case the sale be annulled, over and above the price of adjudication; and that they are entitled to a compensation of the amount thereof with the judgment, a large portion of which remains unpaid.

Judgment was rendered below in favor of the plaintiff, ordering the defendants to deliver up the note sued for to said plaintiff within ten days from the date of said judgment, or, in default thereof, that said plaintiff recover the amount of said note, and the interest accruing thereon, to be credited on said defendants' judgment ; and the defendants appealed.

The only question which we have been called on to examine,

grows out of the want of appraisement of the note sued for previous to its adjudication for cash ; and with regard to this, the record comes up with an agreement that the fact of the non-appraisement of the said note, as stated in the plaintiff's petition, is admitted as therein alleged. We have, therefore, to enquire, whether it is necessary, under our present system of laws, that moveable property, or rights and credits seized in satisfaction of an execution, should be appraised previous to the cash sale thereof, so as not to be adjudicated for cash, for less than two-thirds of the appraisement.

It is first proper to premise that, under the 14th section of a law of 1817, (p. 35,) which was in force previous to the enactment of the Code of Practice, the appraisement of moveable property was required, as well as immoveable, on sheriff's sales. The terms of that law apply to both kinds of property ; the word used is " property" in general, which after having been offered for sale for cash, not reaching two-thirds of its estimation, is to be re-advertised for a certain length of time, to be sold and adjudicated, at one year's credit, to the last and highest bidder. Is it so under our Code of Practice ?

This is the first time this question comes up before us in a direct way. We never had occasion to examine it fully, although in the case of *Ranney* v. *The Orleans Navigation Company*, we intimated that we were not prepared to say that personal property could be legally sold by the sheriff, without appraisement. The apparent silence of the Code of Practice upon this subject, may have given rise to a practice opposed to the provisions of the previous laws. There may perhaps be on its face a certain degree of uncertainty as to the intention of the legislature ; but on recurring to the *projet* of the said Code, as it was presented by its authors to the General Assembly, and to the changes and alterations made by the legislature at the time it was passed, as they appear from the original book deposited among the official archives of the State in the Secretary of State's office, (with an extract from which we have been furnished,) we think we have been satisfactory enabled to ascertain the extent of the legislative will on this important part of our laws, and to bring this question to a final solution.

When the *projet* of the Code of Practice was presented to be discussed, it contained, under art. 671, a provision in the same words as those contained in the same article of the Code now in force, except that after the word " *seizure*" the jurist has inserted, " *if it consist of slaves, ships, steamboats or immoveables.*"— These last words were erased by the legislature, leaving only the words, " *if it consist of immoveables,*" written in the margin under the initials of the name of the Speaker of the House ; and such is now the provision upon which the defendants rely to show that an appraisement is only required when the property seized consists of moveables.

But it appears that after a subsequent article, fixing the manner in which the property taken should be adjudicated, " *if the sale be only of moveable effects,*" the jurists had inserted a note of observation, as follows : " *Amendment to art. 14 of the act of the 28th of January, 1817, p. 35. We have thought it not proper that merely moveable property should be subjected to two sales, as are slaves and immoveables, when they do not reach two-thirds of their appraisement at the first offer. It is for this reason that we have abolished the provision requiring their appraisement.*" The article and the note appear to have been both erased, or expunged from the *projet* by the legislature. The article was rejected, and amending article 684 following, in the manner it now exists in the art. 680 of the Code, by erasing " *but if it be a slave, ship, steamboat or immoveable,*" article 680 was passed in these words : " These previous steps being taken, the sheriff shall proceed to the sale and adjudication of the *property taken,* and if the price offered by the highest and last bidder *does not reach two-thirds of the appraisement made on it,* as directed above, then the thing shall not be adjudged, and the sale shall be postponed for fifteen days, if it be immoveable property, *and ten days, if moveable,* counting from the fresh notice which shall be given by the sheriff, in the manner hereafter directed." This provision, very clear in its terms, shows the true intention of the legislature. It is obvious that they never intended to make any distinction, as to the appraisement, between moveable and immoveable property, and that the object of the law, in requiring a second sale, is to avoid the sacrifice of the property seized. It alludes to the

"*property taken*," whatever it may be, and orders it not to be adjudicated, and to be re-offered for sale if it does not reach two-thirds of its appraised value, after the elapsing of certain periods, depending upon the nature of the property seized. Such is the law now in force; and it is evident from it that it could never be carried into effect, with regard to a second sale of *moveable property*, unless the first sale had been preceded by an appraisement, in order to ascertain if it had reach two-thirds of its appraised value. If the appellants' position was correct under article 671, there would be no necessity of postponing the sale of moveable effects, as the price offered would not be controlled by any previous estimation, and as the sheriff would be permitted to adjudge it to the last and highest bidder; and then, what would become of the provision contained in art. 680? It is clear that this was not the intention of the lawmaker.

We are strengthened in our opinion by a reference to arts. 675 and 676, in which the words "*property taken*" and "*other effects*" are used, without any distinction. Those provisions relate particularly to the making of the appraisement, and show that the legislature, in passing or adopting them, had in view "*property seized*" in general, as being the subject of the appraisement required. Now, as we said in the case of *Rouanet* v. *Hunt*, (17 La. 410,) our safest and best course, must be to resort to the incontrovertible principle, that laws, *in pari materia*, ought to be construed together, in order to ascertain the meaning and intention of the legislator, and under such a test, we cannot come to any other conclusion, but that a sheriff's sale of moveable effects is not valid, unless it has been preceded by an appraisement of the property seized, according to the rules laid down in the Code of Practice; and that, under those rules, such property cannot be adjudicated for cash, unless it brings two-thirds of the appraisement.

*Judgment affirmed.*