## SUCCESSION OF HILIGSBERG.

An appellee cannot have a judgment amended in his favor, unless he has prayed for it in his answer to the appeal. C. P. 888.

A debtor, by an act executed after several executions issued against him had been returned "no property found," pledged to his creditor a claim against a third person, then in suit. The pledge did not intervene in the action, but permitted the pledgor to prosecute it. *Held*, that as the act of pledge was executed under suspicious circumstances, and the evidence of debt not placed in possession of the pledgee, the pledge was void.

A sale of the rights or credits of a debtor seized under execution will not be valid, unless the property has been previously appraised as required by law. The want of such appraisement cannot be supplied by any waiver made by the debtor, of in failing circumstances. A debtor, under such circumstances, cannot dispense with any of the formalities established by law for the sale of property under execution.

APPEAL from the Court of Probates of St. Bernard, *Rousseau*, J. *Delavigne*, for the appellant. *P. A. Bernard* and *Roselius*, for the executors. *Duvigneaud*, for *Latore*. *Alfred Bodin*, for *McGinnis*.

The judgment of the court was pronounced by

ROST, J. *Guillaume Hiligsberg* and *E. Léon Bernard* entered into a joint contract with a builder, *John Fleming*, for the erection of certain brick buildings in the city of New Orleans. By a notarial act, subsequently passed between the parties of the first part, *Hiligsberg* assumed the payment of all moneys to which *Fleming* might become entitled under that contract, and released *Bernard* from all responsibility on account thereof. *Fleming* was unable to complete the buildings, and the other parties having refused to pay him the whole sum agreed upon, he instituted an action to recover the balance unpaid, and the value of the extra work done, and of the materials furnished for it. He did not avail himself of the stipulations made in his favor by *Hiligsberg* in his agreement with *Bernard*, but prosecuted his suit to final judgment against both. The workmen employed on the buildings, and the persons who had furnished materials, also instituted proceedings against *Fleming*, and cited *Hiligsberg* and *Bernard* as garnishees, claiming a privilege on whatever sum might be due by them to *Fleming*, under art. 2474 of the Civil Code. They all obtained judgments against *Fleming*. *Eldridge*, one of them, further obtained against *Hiligsberg*, as surety of *Fleming*, a judgment for the amount of his claim, which has since been satisfied. *McGinnis*, another of the creditors of *Fleming*, obtained against *Hiligsberg*, as garnishee, a judgment for the amount of his claim, with a stay of execution till the final decision of the Supreme Court in the suit instituted by *Fleming*. The decision of that suit took place after the death of *Hiligsberg*; and, in conformity therewith, his executors have placed *John Fleming* on the account rendered by them, as a creditor of the succession, for the sum of $2019 17, deducting therefrom $87 06 for the costs of appeal in that suit, which *Hiligsberg* advanced, and which *Fleming* was adjudged to pay —the further sum of $251 06, alleged to be compensated by a judgment of equal amount obtained by *Hiligsberg* against *Fleming*, on the 28th of February, 1844—the further sum of $422, paid by *Hiligsberg* to *Eldridge*, as already stated, and finally, the sum of $746 82, compensated by a judgment of equal amount obtained by *E. L. Bernard* against *Fleming*, in April, 1842; so as to

leave a balance of $512 23, to be distributed among the creditors of *Fleming*, claiming a privilege for work done and materials furnished.

*J. A. Lacroix* opposed the account, and claimed the whole amount of $2019 17, on two grounds :

1st. That the claim of *John Fleming* against *Hiligsberg* and *Bernard*, on which judgment for that amount was obtained, had been given to him in pledge by *Fleming*, on the 10th of April, 1842, by an act registered in the office of *F. Percy*, notary public, snd notified to *Hiligsberg* and *Bernard*.

2d. That he has obtained against *Fleming* a judgment, in part satisfaction of which, that claim was seized and sold by the sheriff, and adjudicated to him, on the 24th of July, 1842. The creditors claiming to be paid by privilege out of that fund also opposed the account, and the court below, after hearing the parties, dismissed the opposition of *Lacroix*, and distributed the fund among the other creditors, in such a manner as to the judge appeared legal and just.

*Lacroix* appealed, and citations of appeal were served on the executors and the opposing creditors. Only two of the opposing creditors have answered on the appeal. *Latore*, one of them, has answered that the appeal is frivolous on grounds which embrace the whole merits of the controversy, and has asked for ten per cent damages. His counsel, in his brief and in argument, now complains of the judgment, and asks that it be amended so as to allow him the whole of his claim, with interest. Such irregular and contradictory proceedings show want of preparation and care, not creditable to counsel. Under article 888 of the Code of Practice, the appellee may have the judgment amended, provided the application be set forth in his answer. The answer in this case contains no such application, and that made in argument cannot be noticed.

*McGinnis*, another of the opposing creditors, has asked that the judgment be reversed, and the account amended, so as to give him a preference, to the exclusion of *Hiligsberg* and *Bernard*.

As the judgment now stands, the balance in the hands of the executors to be applied to the payment of *Fleming's* privileged debts, is $934 25. The judgment is that, *McGinnis* be first paid out of the fund, the whole amount of his debt, and of the costs incurred by him, which do not amount together to $200, and that the balance be divided between *Latore*, and *Hiligsberg*, subrogated to the rights of *Eldridge*. *McGinnis* has all he asks. Nothing can affect the rights of this creditor to be paid in full. He has a final judgment against *Hiligsberg* as garnishee, and the condition affixed to the issuing of the execution under it has happened. The real parties before the court are the executors and *Lacroix*.

The act of pledge under which this opponent claims cannot avail him. It was recorded at a suspicious time, after many writs, which were returned no property found, had issued against *Fleming*. Moreover, the evidence of the debt never was placed in his possession. He did not intervene in the suit, but suffered *Fleming* to prosecute it as before the pledge was given. Civ. Code, arts. 3120, 3129.

On the second ground : *Fleming*, when in failing circumstances, suffered a judgment to go against him in favor of *Lacroix*. Under that judgment the claim of *Fleming* against *Hiligsberg* and *Bernard* was seized ; it was advertised without any description as to its nature and amount ; sold without appraisement, and purchased by the seizing creditor. Surely it will not be contended that he can make his own unlawful acts the foundation of his title, and that parties hav-

SUCCESSION OF HILIGSBERG.

ing an interest in doing so, cannot prove those acts against him, in the present issue. As he had the appointment of one of the appraisers, he is bound to know, and did know from the beginning, that no appraisement was made ; and, under the decision of the late Supreme Court in the case of *Rightor* v. *Phelps*, 9 Rob. 531, the adjudication is void on that ground. See also the case of *Mc-Donogh* v. *Gravier's Curator*, 9 La. 530.

To the argument that the appraisement may be waived by the judgment debtor, it is a sufficient answer that the waiver is not proved ; and that, if it had been, we held in a case lately decided in the western district, that a judgment debtor in failing circumstances, is without capacity to waive the formalities established by law, for the sale of property taken under execution. *Ante*, 297.

This party contends that he is, at least, entitled to be recognized as an ordinary creditor ; but as he has failed to show that such a recognition would entitle him to any part of the specific fund which he claims, his opposition cannot be maintained on that ground. That fund is insufficient to satisfy the compensations which have taken place by operation of law, and the privileges of the workmen and of the material men. The compensations allowed by the court below are all in conformity with law; those upon the claims of *Hiligsberg* cannot admit of a doubt, and as *Fleming* did not avail himself of the stipulations made in his favor by *Hiligsberg*, held *Bernard* as his debtor to the last under the original contract, and brought him into the Court of Probates for a final distribution of the fund, there is no reason why the judgment obtained by *Bernard* against *Fleming*, for building materials furnished him, should not, under the evidence adduced, be compensated against an equal amount of the judgment in favor of *Fleming*.

We think the court erred in not allowing in compensation the sum of $422, paid by *Hiligsberg* to *Eldridge*. It was recovered from him under obligations originating in the contract for building, and should go to the extinguishment of his liability under that contract. Had *Eldridge* himself set up the claim, his right to be paid by privilege could not have been contested. The judgment must therefore be amended in that respect.

For the reasons assigned, it is ordered that the sum of $422, paid by *Hiligsberg* to *Eldridge*, be reinstated in the account filed by the executors, and allowed in compensation ; and that, after satisfying the claim of *McGinnis*, the remainder of the fund be paid over to *F. Latore*. It is further ordered that the judgment as amended be affirmed, and that the appellant, *J. A. Lacroix*, pay the costs of this appeal.