May Term,
1850.

Morss and Another *v.* Doe, on the Demise of O'Neal.

Morss·
v.
Doe.

Ejectment brought by the lessee of *A.* in *March,* 1848. *A.* was in posses-
sion of, and claiming title to, the land in 1845. The defendants relied
on the purchase of the land at sheriff's sale. They proved a judgment
rendered in 1844 in favor of *B.* against *A.* and *C.* ; that a *venditioni ex-
ponas* issued in 1846, and under it the land was sold to the defendants,
the rents and profits having first been offered for sale without effect.
They also produced the sheriff's deed, made to them in 1846. *Held,*
that *A.'s* prior possession in 1845 was sufficient, *prima facie,* to entitle
the plaintiff to recover, and that it was necessary, for the defendants to
maintain their defence, to show that the sheriff was authorized to make
the sale.

Land was sold after the passage of the statute of 1843, on execution on a
judgment which was rendered in 1844, on a contract the date of which
did not appear. *Held,* that the date of the judgment determined what
statute governed the sale; and that the land should have been ap-
praised in conformity with the statute of 1843, or the sale was void.

APPEAL from the *Green* Circuit Court.

Wednesday,
May 29.

Blackford, J.—This was an action of ejectment
brought by the lessee of *O'Neal,* in *March,* 1848, for a
tract of land in *Greene* county. At the *April* term, 1848,
*Morss* and *Carpenter* were admitted defendants, and
pleaded not guilty.

The cause was submitted to the Court, and judgment
rendered for the plaintiff.

Motion for a new trial overruled.

It was agreed on the trial that *O'Neal,* the plaintiff's
lessor, was in possession of the land in dispute, claiming
title thereto, in 1845.

The defendants relied on a purchase of the land at
sheriff's sale.

To establish their title, the defendants proved a judg·
ment, in an action of debt, rendered in *October,* 1844, in
favor of *Frederick Slinkard,* against said *O'Neal* and one
*Dixon,* for 222 dollars. They also proved that, in *Janua-
ry,* 1845, a *fieri facias* issued on said judgment, which
execution was levied on the land aforesaid, and was
returned with a statement that the land was unsold for
want of buyers. They also proved that after said return
to the *fieri facias,* viz., in *February,* 1846, a *venditioni*

*exponas* in the case issued for the sale of said land, and that, under the last named execution, the land was sold in *April*, 1846, to the defendants for 175 dollars—(the rents and profits for seven years having been first offered for sale without effect). They also produced the sheriff's deed to them, dated in *June*, 1846, for the land thus sold.

The proof of *O'Neal's* prior possession, under a color of title, in 1845, was sufficient, *prima facie*, to entitle the plaintiff to recover. *Doe* v. *West*, 1 Blackf. 133.

To maintain the defence, it was for the defendants to show that the sheriff was authorized to make the sale under which they claimed. The judgment under which the sale was made was rendered in *October*, 1844, in a suit on contract; but there is no evidence of the date of the contract. We must therefore take the date of the judgment as determining what statute governed the sale. *Hunt* v. *Gregg*, 8 Blackf. 105. The statute of 1843 on the subject, which was in force when the judgment was rendered, enacts, "That no property of any description whatever, either real or personal, shall be sold on execution, or by virtue of any other process issued by any officer of this State, for a less sum than its fair value at the time of such sale, after deducting all incumbrances thereon, except as hereinafter provided." R. S. 1843, p. 1044. This statute also prescribes the mode of ascertaining the value of the property by appraisers. In the case before us, however, it does not appear that any appraisement of the property was made; and without an appraisement in conformity with the statute, and a price paid equal to the appraised value, the sale must be void. Without such appraisement and payment, the sheriff had no authority to sell. See the case of *Doe* d. *Holman* v. *Collins*, *May* term, 1848 (1). There is a late case in the Supreme Court of the *United States* very similar in principle to the present one. The statute of 1831, under which a sheriff's sale was made, enacted that the fee simple of real estate should not be sold on execution until the rents and profits for seven years had been first offered for sale; and if

such rents and profits would not sell for a sum sufficient to satisfy such execution, then the fee simple should be sold. R. C. 1831, pp. 244, '5. It was held that a sale under that statute, without having first offered for sale the rents and profits for seven years, was void. *Gantly's Lessee* v. *Ewing*, 3 Howard U. S. 707.

*Per Curiam.*—The judgment is affirmed with costs, &c.

*C. P. Hester*, for the appellants.

*R. H. Rousseau*, for the appellee.

(1) See 1 Carter's Ind. R., 24.