BABCOCK. v. DOE on the demise of BOWMAN.

Ejectment under the old practice. The conveyance to the plaintiff's lessor was made by an infant, who died before attaining his majority. The defendant asked that the jury be instructed to disregard the conveyance. The Court refused to give the instruction. *Held*, that, the conveyance of an infant being voidable only and not void, the instruction was correctly refused.

The defendant in ejectment, to show title, offered in evidence the record of a judgment, and the proceedings thereon, showing that the premises in question had been sold and conveyed to him by sheriff's deed. The judgment had been taken by default upon a declaration containing two several counts on two several notes. One of these notes was made before the appraisement law of 1842 took effect, the other, after it came in force; but there is nothing in the record showing that the judgment was restricted to one count only. The defendant admitted that the property had not been appraised. *Held*, that the judgment was rendered upon both the notes, and, therefore, there having been no appraisement of the property, the sheriff's deed was no evidence of title.

APPEAL from the *Harrison* Circuit Court.

GOOKINS, J.—Ejectment by the lessee of *Bowman* against *Babcock*, to recover possession of a tract of land in *Harrison* county. Plea, not guilty. Verdict and judgment for the plaintiff.

The title being in one *Hallowell*, he conveyed the land in dispute to *Wynne*, who conveyed it to *William P. Bowman*, who conveyed the same to *John Bowman*, the plaintiff's lessor. At the time of the latter conveyance, the grantor was an infant, and he died before attaining his majority, whereupon the defendant prayed an instruction to the jury, that they should disregard said conveyance, which instruction the Circuit Court refused to give, and this refusal is assigned for error. The question presented by this instruction was fully considered in the case of *Doe* v. *Abernathy*, 7 Blackf. 442, where the authorities were reviewed, and it was held that the conveyance of an infant was voidable only and not void. We adhere to that opinion and it settles this question in favor of the appellee.

The defendant, to show title, gave in evidence a record and judgment of the *Harrison* Circuit Court, in favor of one *Kepley*, against *Isaac Bowman*, father of *William P.* and *John Bowman*, and an execution issued thereon with the sheriff's return, and deed showing a sale to the defendant of the premises in question. It was admitted by the defendant that the property had not been appraised, whereupon the Circuit Court excluded this evidence from the consideration of the jury, and the defendant excepted. This ruling is now assigned for error.

This evidence was offered, it is said, with the intention on the part of the defendant of attacking the conveyances to *William P.* and *John Bowman* for fraud, and showing that the plaintiff's lessor held the land in trust for his father, the defendant in execution.

The suit of *Kepley* against *Isaac Bowman* was an action of debt. The declaration contained two counts; one upon a writing obligatory, dated *January* 19, 1837,

and due *December* 25, 1839, for 600 dollars, with 10 per cent. interest after due; the other upon a note dated *January* 3, 1842, for 15 dollars, due six months after date. The first note had a credit indorsed upon it of 25 dollars, *June* 8, 1838; another of fifty dollars, of the same date; and another of 200 dollars, *December* 12, 1840. There were also the following memoranda upon the note, but by whom made did not appear: "The amount due on this note with its interest is 445 dollars and 30 cents, *February* 25, 1843." "Balance principal, 375 dollars and 75 cents. Interest on balance 332 dollars and 55 cents—708 dollars and 30 cents, *October* 9th, 1849." The judgment was rendered *October* 9, 1849, and was for 375 dollars and 75 cents debt, and 332 dollars and 55 cents damages, making together the sum of 708 dollars and 30 cents.

The bill of exceptions states, that, after the defendant had read, as evidence to the jury, his deed for the land in controversy, and the record of the suit of *George Kepley* against *Isaac Bowman*, the plaintiff moved to exclude from the jury, as evidence, the sheriff's deed to the defendant, for the reason that the judgment in the suit of *Kepley* against *Bowman* was rendered on two notes, one of them executed before any appraisement law of this State came in force, and the other after appraisement laws came in force; and that the land in controversy was not appraised before sale by the sheriff. The defendant then insisted that the judgment itself, the notes, their indorsements, and the calculation thereon, proved that the judgment was rendered solely on the note executed before any appraisement law came in force in this State; but the Court were of opinion that from such proof it appeared that the judgment was rendered on both notes, and excluded said sheriff's deed from the jury: to all which the defendant excepts, &c.

At the time of the execution of the note for 15 dollars, the law of 1842 was in force which required property seized on execution to be appraised and to sell at not less than two-thirds its appraised value; and it has

been frequently decided by this Court that the law of the contract governs in such case.

*Prima facie*, the judgment of *Kepley* against *Bowman* was rendered on both notes. It was a judgment by default, upon a declaration containing two counts, and there is nothing in the record to show that the judgment was restricted to one count only. Waiving the question whether it was competent for the defendant to prove *aliunde* that the judgment was rendered upon the larger note only, we think he offered no proof to establish that point. The memoranda on the note were no evidence of it; because it was not proved when or by whom they were made. For ought that appears in evidence they may have been made on the day they were offered, and by some person interested in sustaining the sale. A court is not bound to submit evidence to a jury, unless it tend to prove something. The rule is, if the evidence, taken together, tends, however slightly, to prove the party's case, it must be submitted to the jury; but if a link in the chain is entirely wanting, it is for the decision of the court. *Crookshank* v. *Kellogg*, 8 Blackf. 256.—*Haynes* v. *Thomas*, 7 Ind. R. 38. As the evidence stood in this case, the Court was right in holding that the judgment was rendered on both notes, and consequently right in excluding the deed offered by the defendant, in the absence of an appraisement.

*Per Curiam.*—The judgment is affirmed with costs.

*W. A. Porter*, for the appellant.

*W. T. Otto* and *J. S. Davis*, for the appellee.