CRAWFORD
v.
GRAVES.

</div>

---

| 15 | 245 |
| 46 | 904 |
| 15 | 245 |
| 47 | 934 |
| 15 | 245 |
| 107 | 712 |

## LEVICKS, BARRETT & KUEN *v.* ANDREW J. WALKER.

*A stipulation in a contract, that the property of the debtor shall be sold without appraisement, in the event of non payment at maturity, is a pact which ought not to be recognized by a court in the decree rendered upon such comtract.*

APPEAL from the District Court of the Parish of Carroll, *Farrar,* J.

*Sparrow & Montgomery,* for plaintiffs and appellants. *F. F. Montgomery,* for defendant.

MERRICK, C. J. This suit is brought upon a promissory note executed in Pennsylvania, wherein the maker describes himself as residing in Monticello, Carroll Parish, Louisiana.

In the note, the defendant promises to pay, without defalcation and "*without any any relief whatever from the appraisement or valuation laws.*"

Plaintiffs claimed judgment in this form against defendant, and the same being refused, thereupon they appealed.

We think the stipulation in a contract, that the property of the debtor shall

LEVICKS
*v.*
WALKER.

be sold without appraisment in the event of non-payment at maturity, one of those pacts which ought not to be recognized by our courts in the decree rendered upon such contract. The law has, by express provisions, ordained the mode in which its own officers shall enforce the judgments of the courts.

Parties regulate their own conduct by their stipulations, but they cannot prescribe rules of proceeding for public officers, nor demand that the courts of justice shall depart from the usual modes of enforcing their decrees. If, before judgment, the creditor may stipulate the manner in which the same shall be executed, the principle will sanction an endless variety of modes of execution of judgments, and, indeed, the parties may waive all formalities and all delay, and may even consent that some other person than the Sheriff, shall sell the property of the debtor and execute the decree of the court. And if a decree giving effect to such contract be legal, then also the sale under it would be legal, and other creditors might find themselves deprived of their common pledge without notice. In view of our complicated system of mortgages and privileges, and the restrictions upon sales where parties are in insolvent circumstances, as well as the responsibility imposed by our law upon the Sheriff and his sureties, we are of the opinion that such stipulations ought not to be inforced. If they be not immoral, they may be considered as affecting the rights of others and void. C. C. 11.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court, be affirmed ; and the plaintiffs pay the costs of the appeal.

BUCHANAN, J., separate opinion, concurring. I adopt, as my own, the following opinion, which was prepared in this case by Mr. Justice Land, who is now absent :

The defendant is sued on his promissory note for the sum of seven hundred dollars and eighty cents, which he stipulated to pay six months after date, to the order of the plaintiffs, without defalcation, and *without any relief whatever from appraisement,* or *valuation laws.*

There was judgment against the defendant, under which he is entitled to the *benefit of appraisement* by the law of this State, and the plaintiffs have appealed, and assigned as error, the refusal of the Judge to render a judgment, *without* the benefit of appraisement, as prayed for in their petition.

The plaintiffs are merchants residing and carrying on business in the city of Philadelphia, at which place the note was dated, and was executed by the defendant, without specifying any place of payment.

It is true, as contended, that the right to the benefit of appraisement given by the law to a debtor in case of the forced alienation of his property for the satisfaction of his debts, may be waived by him, and his property sold at the first offering for cash, for whatever price it may bring. But the waiver in such a case, must be in a more solemn and authentic form than that of a mere promissory note, otherwise the waiver would become a mere *formula* in such instruments, and the entire policy of the law thereby defeated, to the injury of both debtors and creditors,