THE BOATMEN'S BANK v. THE FIRST NATIONAL
BANK OF HERINGTON, KANSAS.

No. 13,883.   (79 Pac. 125.)

SYLLABUS BY THE COURT.

FORECLOSURE—*Revivor Unnecessary.*   Where a mortgage is sought
to be foreclosed against a subsequent grantee, it is not error to
proceed against him without a revivor of the suit as against a
deceased maker of the mortgage and the notes secured thereby.
The maker of the notes and mortgage is not a necessary party
to the suit to foreclose, so far as the subsequent grantee is con-
cerned.

Error from Morris district court; OSCAR L. MOORE,
judge.   Opinion filed January 7, 1905.   Affirmed.

*Botsford, Deatherage & Young,* and *Clarence Crowley,*
for plaintiff in error.

*Nicholson & Pirtle,* and *John Maloy,* for defendant in
error.

The opinion of the court was delivered by

CUNNINGHAM, J. :   This was a suit by the First Na-
tional Bank of Herington, Kansas, to foreclose a
mortgage given by Samuel Harrison and his wife to
secure the payment of several notes.   The Boatmen's
Bank and C. M. Smith, its trustee, were made parties
defendant, under the allegation that the bank had, or
claimed to have, some interest in the mortgaged prop-
erty.   This interest was afterward shown to be a
conveyance from Harrison to the Boatmen's Bank sub-
sequent to the recording of the mortgage.   The Boat-
men's Bank, by its trustee, Smith, for answer claimed
that Harrison had fully paid the notes.   Harrison
made default.   After the court had entered upon the
trial of the issues between the two banks thus made,

it was found advisable, owing to the length of the accounting involved, to appoint a referee to ascertain the condition of the account between Harrison and the Herington bank. Subsequently, when this hearing came on before the referee, the Boatmen's Bank suggested the death of Harrison, but neither produced proof of the fact nor requested revivor. The referee proceeded to ascertain the condition of the accounts between Harrison and the Herington bank for the purpose of ascertaining the amount due upon the notes sued upon in order to determine whether, as against the Boatmen's Bank, the mortgage should be foreclosed. The Boatmen's Bank participated in this examination. The referee made findings of the amount due the Herington bank on the Harrison notes. Upon the motion of the Boatmen's Bank, for various grounds therein set out, this report was set aside and the court proceeded to ascertain for itself the amount due on the notes. Upon this hearing it received as evidence, by agreement of parties, the transcript of the evidence taken by the referee. Whether it received other evidence than this the record does not show. Its findings of the amount due varied slightly from those of the referee. Personal judgment was rendered against Harrison for the amount, and judgment against all of the defendants for the foreclosure of the mortgage and the sale of the premises.

Complaint is here made because the case was proceeded with after the suggestion of the death of Harrison without a revivor. This was not error, for two reasons : (1) There was no showing, besides the mere suggestion, that Harrison was dead ; (2) it was entirely immaterial, so far as the Boatmen's Bank was concerned, whether Harrison was dead or unrepresented upon the hearing. The issue between the

40—70 KAN.

plaintiff and the Boatmen's Bank could proceed to final determination just as well without, as with, Harrison in the case, and that bank could make every defense to the notes for the purpose of defeating foreclosure of the mortgage that it could have made had there been a revivor of the personal action against Harrison.

It has been repeatedly decided in this court that where the title to mortgaged real estate has passed from the mortgagor subsequently to the execution of the mortgage the mortgagor is not a necessary party in a suit to foreclose. (*Jones v. Lapham*, 15 Kan. 540 ; *Ashmore v. McDonnell*, 39 id. 669, 18 Pac. 281.)

It is further urged by the plaintiff in error that under the evidence shown by the record an excessive amount was found due on the notes. It does not so appear. Aside from the fact that the matter was given careful consideration by the court below, involving, as it did, long and somewhat intricate accounts, we have no sufficient data from which to make a recalculation, even were we so disposed. The record, as we have already suggested, does not show that all of the evidence considered by the court is therein found.

The judgment is affirmed.

All the Justices concurring.