PAGE v. TURK *et al.*

No. 2671. Opinion Filed July 14, 1914.

Rehearing Denied November 10, 1914.

(143 Pac. 1047.)

1. MORTGAGES—Foreclosure—Necessary Parties—Grantee in Possession. Where a foreclosure petition alleges that the mortgagors have conveyed all of their right, title, and interest in the mortgaged premises to a grantee, naming him, and where such grantee is in the actual possession of the mortgaged premises, such grantee is a necessary party in such foreclosure proceeding.

2. SAME—Judgment—Effect on Grantee's Interest. Where the petition alleges and the proof shows that the mortgagors, subsequent to the execution of the mortgage and prior to the commencement of the foreclosure proceedings, have conveyed by warranty deed their title' to the mortgaged premises, and the mortgagors and their grantee are made parties defendant in the foreclosure proceeding, and the judgment directs that the equity of redemption, and all right, title, and interest which the mort-

Page v. Turk et al.

gagors may have in the mortgaged premises be sold to pay off and satisfy the judgment, and no judgment is entered against the grantee and no interest that such grantee may have in the premises is foreclosed, the interest of such grantee in the land is not affected thereby.

3. **SAME—Sale—Validity.** Where the judgment directs the sale of the mortgaged premises, and does not recite that the same be sold without appraisement and the order of sale directs that the premises be sold with appraisement, a sale of the land under such order for less than two-thirds of its appraised value is a nullity.

4. **SAME—Void Sale—Rights of Purchaser.** Where a mortgagee purchases land at a foreclosure sale and enters into possession thereof under a void judgment or a void sale, he is simply a mortgagee in possession, and cannot be deprived of such possession by the mortgagor or his grantees prior to the satisfaction and payment of such mortgage.

5. **SAME—Adverse Possession by Mortgagee.** Subdivision 1 of section 3888, St. Okla. 1893 (section 4655, Rev. Laws 1910), statute of limitations, does not run in favor of a mortgagee in possession.

(Syllabus by the Court.)

*Error from District Court, Cleveland County;*
*R. McMillan, Judge.*

Action by Herman Turk against Morgan Sharp and Mary Sharp, his wife, and Albert S. Page. Judgment for plaintiff, and defendant Albert S. Page brings error. Reversed, and new trial granted.

*Ben F. Williams, J. S. Jenkins, M. Fulton, Geo. J. Eacock,* and *W. J. Davidson,* for plaintiff in error.

*Geo. G. Graham* and *J. B. Dudley,* for defendants in error.

LOOFBOURROW, J. On February 18, 1909, in the district court of Cleveland county, the defendant in error Herman Turk sued Morgan Sharp and Mary Sharp, his wife, and Albert S. Page, plaintiff in error, to clear his title to the N. E. ¼ of section 29, township 10, range 3, W. I. M. After alleging himself to be the owner thereof, in fee simple, and in posesssion, petitioner deraigned his title thereto by a foreclosure proceeding, resulting in a sheriff's deed to him, dated May 13, 1897, duly recorded. He further alleges that the defendant Page claimed some

interest in said land adverse to him by virtue of a deed of date subsequent to his mortgage, made, executed, and delivered to him by said Sharp and wife, which said claim, together with the claim of Sharp and wife, constituted a cloud on his title which he prayed to have cleared, etc. Neither of the Sharps answered. On April 5, 1909, Lettie Page, wife of Albert Page, by leave, joined with him in an answer and cross-petition, wherein, after general denial, they allege that Albert Page became the owner of the land by purchase of the title thereof from the Sharps, and that Albert Page and his wife went into possession of said lands and occupied the same as and for their homestead; that they continued to occupy and reside upon said lands as a homestead until about January 2, 1897, at which time they allege Herman Turk unlawfully and fraudulently dispossessed said Page and wife and took possession of said land himself; that plaintiff Turk refused to return the possession of said premises to said Page and wife, and has, to the present time, and is now wrongfully and unlawfully withholding the possession thereof. Defendants Page and wife prayed for judgment for the restitution and for the possession of said lands and premises, and that their right and title in said lands be quieted, etc. To this answer and cross-petition plaintiff Turk replied with a general denial, whereupon there was a trial of the issues joined and judgment for the plaintiff clearing his title, and Page brings the case here, his wife having died pending the suit.

The following facts are undisputed: Morgan Sharp was the homestead entryman of said tract and lived thereon with his wife until after final proof thereof, and thereafter executed a mortgage, in which his wife joined, to the defendant in error Turk. After executing the mortgage Sharp and wife executed a warranty deed to the land, subject to the mortgage, to Albert S. Page, who, with his wife, moved upon said land and occupied it as a homestead. Thereafter, on March 8, 1896, Herman Turk commenced an action to foreclose the mortgage given by the Sharps, in which action Sharp and wife and Page are named as defendants. Judgment was rendered in favor of the mortgagee,

Turk, on May 8, 1896, which judgment, omitting the caption, is as follows:

"Now, on this the 8th day of May, 1896, the same being one of the judicial days of the May term of the aforesaid court, held in the city of Norman, in the county and territory aforesaid, the above case coming on to be heard by the court, and the plaintiff being represented by his attorneys, Amos Green & Son, and the defendants failing to appear either in person or by attorney, and it appearing to the court that the defendants have been duly summoned, and that the time for answering of said defendants has expired, and the court decreeing that the allegations of the petition must be taken as true, and after fully considering the matter on the allegations of the petition and the exhibits attached thereto, and made a part of said petition, and the court being advised in the premises, it is hereby ordered, adjudged, and decreed that the plaintiff have judgment for the sum of $500 and interest thereon at the rate of 12 per cent. per annum from the 25th day of October, 1894, or the sum of $91.25, and the further sum of $100 attorney's fee, making an aggregate amount of $691.25, according to the terms of the promissory note attached to plaintiff's petition and marked 'Exhibit A'; that the equity of redemption of Morgan Sharp and Mary Sharp in and to the N. E. ¼ of section 29, township 10, range 3 west of the Indian meridian, and all right and title and interest they may have in and to the aforesaid land to be sold to pay off and satisfy the aforesaid judgment for the sum of $691.25, and costs in this case, taxed at $19.20, and in case the aforesaid property shall not produce sufficient to satisfy the amount of the aforesaid judgment secured by the promissory note and mortgage attached to plaintiff's petition and marked 'Exhibit A' and 'Exhibit B,' respectively, interest and attorney's fees and costs of this suit, the plaintiff may, at any time hereafter, apply to this court for an execution against said defendants for such balance.

"(Signed) H. W. SCOTT,
"Judge."

In February, 1904, the courthouse of Cleveland county was burned, and all the records in this foreclosure proceeding were destroyed by fire except the record of the judgment. In the trial of the case at bar Turk offered in evidence copies of the destroyed records of the foreclosure proceedings, consisting of the petition, summons, order of sale, and the order confirming the

sale, the same having been prepared by an abstracter prior to the destruction of the records and authenticated by him, the copies being preserved among the files and in the records of said abstracter. The only reference in the petition to Albert S. Page is the following allegation:

"The plaintiff states that since the making of the aforesaid mortgage the defendants, Morgan Sharp and Mary Sharp, have conveyed their equity of redemption in said tract of land to the defendant, Albert S. Page."

The order of sale makes no mention of Page, but recites, in substance, that a judgment was rendered in favor of Turk against Morgan Sharp and Mary Sharp for the sum of $691.25 and the sum of $19.25 costs; describes the land; commands the sheriff to appraise, advertise, and sell the same, etc. The sheriff's return upon the order of sale shows that he summoned three persons who qualified as appraisers, etc.; that the appraisement was returned in writing, and a copy thereof deposited with the clerk of the district court, and that thereafter he caused a notice of the sale to be published in a newspaper, etc.—

"and thereupon, on the 11th day of December, A. D. 1896, I caused a notice to be published in the People's Voice, a newspaper published in the said county of Cleveland, and of general circulation therein, and that I would offer the said premises for sale at south door of courthouse in Cleveland county, on the 13th day of January, A. D. 1897, at 10 o'clock a. m. of that day, and to the highest bidder therefor, and that sum being more than two-thirds of the appraised value thereof.

"Given under my hand this 1st day of January, A. D. 1897."

It will be observed that this return fails to recite that there was a sale of the land, but there is a confirmation, which is as follows:

"This case coming up on the 6th day of May, 1897, the same being a judicial day of the May term, 1897, of the court. On motion of plaintiff to confirm the sale of the N. E. ¼ of section 29, township 10 north, range 3 west, made under the order of sale issued from the decree and judgment rendered in the above entitled cause on the 8th day of May, A. D. 1896, and it appearing to the court from an examination of said judgment, decree, and order of sale, that said order of sale was duly issued on the decree and order of sale, that said order of sale was duly issued

on the 5th day of December, A. D. 1896, directed to the sheriff of Cleveland county, as aforesaid, by law, and that under said order of sale on the 9th day of December, 1896, said sheriff proceeded to cause said tract of land duly appraised by law, and the said tract of land was appraised at the price and value of $960, exclusive of liens and incumbrances; and it further being shown to the court that said tract of land was duly advertised for sale under the aforesaid order of sale, as required by the statutes in such cases made and provided, that said tract of land was sold at the courthouse door, in the town of Norman and county of Cleveland, at the hour of 10 o'clock a. m., on the 13th day of January, 1897, being the day and time and place named in the aforesaid published notice, said sheriff did duly offer said tract of land for sale, and Herman Turk having bid the sum of $634, and it being more than two-thirds of the appraised value and also the highest and best bid for said tract of land, same was sold to the said Herman Turk for the sum aforesaid, and having paid said sum in full, as shown to the court: It is therefore ordered, found, and adjudged by the court that said sale be and is hereby confirmed as prayed in said motion, and the sheriff of Cleveland county is ordered and directed to convey said tract of land to the said Herman Turk, by proper and sufficient deed, at and for the price and sum bid and paid as aforesaid.

"[Signed] J. R. KEATON,

"*Judge.*"

It will be observed from this order of confirmation that the price for which the land was sold is $6 less than two-thirds of the appraised value. Thereafter, on May 13, 1897, sheriff's deed was executed and delivered to Herman Turk, who went into possession in January, 1897, and has remained in possession of said tract of land from that date down to the commencement of this action to quiet title therein.

The question that arises is whether or not the judgment in the foreclosure proceedings is void as to Page, and, if so, what are the rights of the parties? Who were the necessary parties defendant in this case? The foreclosure petition alleges that "Morgan Sharp and wife had conveyed their equity of redemption to Page," and the deed offered in evidence in this case sustains that allegation. The foreclosure petition does not ask for a de-

ficiency judgment against the Sharps; therefore they were not necessary parties. See *Jones v. Lapham,* 15 Kan. 540; *Boatmen's Bank v. Herrington First Nat. Bank,* 70 Kan. 624, 79 Pac. 125. Albert S. Page, being in actual possession of the land, and holding the title thereto, subject to plaintiff's mortgage, was a necessary party. See *Goodenow v. Ewer,* 16 Cal. 461, 76 Am. Dec. 540, wherein it is held:

"If he [the mortgagor] has parted with the estate, his grantee stands in his shoes, and possesses the same right to contest the lien and to object to the sale. And if the grantee is not made a party, the purchaser under the decree acquires no title."

See, also, *Boggs v. Hargrave,* 16 Cal. 565, 76 Am. Dec. 561; *McComb v. Spangler,* 71 Cal. 418, 12 Pac. 347.

Now, if Albert Page was a necessary party to the foreclosure proceeding, it follows that the judgment must be rendered against him in order to bar him of any rights in the premises. It will be observed that the judgment in the foreclosure proceeding does not mention Albert S. Page, nor does it attempt to dispose of or bar any rights he may have in the premises. It directs:

"That the equity of redemption of Morgan Sharp and Mary Sharp in and to the [described land] and all right, title and interest they may have in and to the aforesaid land, be sold to pay and satisfy the aforesaid judgment."

Not since the deed was executed by the Sharps to Page have the Sharps had any right, title, or interest in the land, or equity of redemption. All interest of the Sharps, both legal and equitable, passed to Page by virtue of the deed, and the judgment directs the sale of that which the Sharps did not possess. Under the common law the title and possession of the mortgaged premises passed to the mortgagee, the mortgagor retaining only "the equity of redemption." Under our statute the title to the land remains in the mortgagor or his grantee.

The mortgage is not a conveyance vesting in the mortgagee any estate in the land, but is a mere security operating upon the property as a lien or incumbrance only. The judgment should have directed that the land be sold, and that all the right, title, and interest or equity of redemption of Albert S. Page be foreclosed, and for failure to do so, it is void as to Page.

From the record it further appears that the land did not sell for as much as two-thirds of its appraised value. The statute required this property to bring two-thirds of its appraised value. Section 4348, St. Okla. 1893. It is true that the mortgage contained the following words:

"Appraisement hereby waived at the option of the party of the second part, his heirs and administrators or assigns."

This language evidently placed with the mortgagee the option of having the lands sold either with or without appraisement. Section 4346, St. Okla. 1893, provides that if the words "appraisement waived," or other words of similar import, shall be inserted in any deed or mortgage, any court rendering judgment thereon shall order, as part of the judgment, that the same shall be enforced, and that lands and tenements may be sold thereunder without appraisement, provided that no order of sale or execution shall be issued upon such judgment until the expiration of six months from the time of the rendition of said judgment. It is contended that because the order of sale in this case did not issue until more than six months after the judgment was rendered, the mortgagors and their grantees, having had the benefit of the six months stay of execution, should not be heard to complain because the property sold for less than two-thirds of the appraised value, but the judgment did not specifically authorize the sale without an appraisement and the order of sale directed an appraisement, and the plaintiff, having failed to elect to satisfy his judgment by sale without appraisement, is bound by the course which was pursued.

In *Capital Bank v. Huntoon,* 35 Kan. 592, 11 Pac. 377, the court said:

"* * * Is the statutory requirement that the property shall not be sold for less than two-thirds of its appraised value a jurisdictional matter? or, second, is such requirement a mere direction to the officer, which he should follow, but the nonobservance of which will not render the sale void, but only voidable at the option of a party interested in having the sale set aside? The sale of these lots for less than two-thirds of their appraised value was evidently a mere oversight. No fraud in this respect was shown or found, but still the sale was in violation of law.

Section 455 of the Civil Code provides, among other things, that 'No such property [meaning any kind of real estate] shall be sold for less than two-thirds of the value returned in the inquest.' Nearly all the authorities having application to this question hold, under similar statutes, that such sales are absolutely void. *Gantly v. Ewing*, 44 U. S. [3 How.] 707, 11 L. Ed. 794; *Collier v. Stanbrough*, 47 U. S. [6 How.] 14 [12 L. Ed. 324]; *Smith v. Cockrill*, 73 U. S. [6 Wall.] 756 [18 L. Ed. 973]; *Succession of Hiligsberg*, 1 La. Ann. 340; *Baird v. Lent*, 8 Watts [Pa.] 422; *Wolf v. Payne*, 35 Pa. 97; *Gardner v. Sisk*, 54 Pa. 506; *Strouse v. Drennan*, 41 Mo. 289; *Sprott v. Reid*, 3 G. Greene, [Iowa] 497 [56 Am. Dec. 549]; *Maple v. Nelson*, 31 Iowa, 322; *Harrison v. Doe*, 2 Blackf. [Ind.] 1; *Morss v. Doe*, 2 Ind. 65; *Babcock v. Doe*, 8 Ind. 110; *Davis v. Campbell*, 12 Ind. 192; *Fletcher v. Holmes*, 25 Ind. 458; *Tyler v. Wilkerson*, 27 Ind. 450."

And in the syllabus:

"Where appraisement has not been waived and real estate is sold at sheriff's sale for less than two-thirds of its appraised value, the sale is void."

See, also, *Tolbert et al. v. State Bank, etc.*, 30 Okla. 403, 121 Pac. 212; *Hancock v. Youree et al.*, 25 Okla. 460, 106 Pac. 841. The sale is void because the land sold for less than two-thirds of the appraised value.

Herman Turk being simply a mortgagee in possession, his rights are not adverse to the rights of the mortgagor or his grantee, so long as the relation of mortgagor and mortgagee exists, but his possession cannot be disturbed as long as his mortgage debt remains unpaid. See *Gillett v. Romig et al.*, 17 Okla. 324, 87 Pac. 325; *Kelso v. Norton*, 65 Kan. 778, 70 Pac. 896, 93 Am. St. Rep. 308.

The possession not being adverse, the statute of limitations does not bar the plaintiff in error of his right of redemption. See *Kaylor v. Kelsey*, 91 Neb. 404, 136 N. W. 54, also 40 L. R. A. (N. S.) 839, and note, where many valuable authorities are cited.

The judgment of the trial court is reversed and a new trial granted.

All the Justices concur.