## TURK v. PAGE.

No. 8206—Opinion Filed June 12, 1917.

Rehearing Denied Sept. 18, 1917.

(167 Pac. 462.)

(Syllabus by the Court.)

1. **Appeal and Error—Discretion—Amendment of Pleading.**

Where the trial court does not abuse its discretion in allowing an amendment, not a departure, this court will not interfere.

2. **Mortgages—Limitation of Actions—Adverse Possession.**

Subdivision 1 of section 3888, St. 1893 (section 4655, Rev. Laws 1910), statute of limitations, does not run in favor of a mortgagee in possession.

3. **Appeal and Error — Review — Presumptions.**

Where evidence produced at the hearing is not brought up by case-made, the presumption will be indulged that the finding of fact by the trial court is correct.

Error from District Court, Cleveland County; F. B. Swank, Judge.

Action between Herman Turk and Albert S. Page. There was a judgment for the latter, and the former brings error. Affirmed.

W. L. Eagleton and S. W. Turk, for plaintiff in error.

Geo. J. Eacock, J. S. Jenkins, Ben F. Williams, and W. J. Davidson, for defendant in error.

PER CURIAM. This is the second time this cause has been before this court. The facts in the first case are set forth in Page v. Turk, 43 Okla. 667, 143 Pac. 1047. There we reversed and remanded the cause for a new trial, pursuant to which the trial court, proceeding with the cause, by consent referred all issues therein, both of law and fact, to a referee, with power to permit the amendment of any pleadings, pending the reference, where necessary or "expedient, and to rule upon and determine the sufficiency of any motion which may be filed during said time, and to make all interlocutory orders," and to report to the court his findings of fact and conclusions of law, together with the evidence taken at the trial. As we there decided that Turk held the land in question, his title to which he there sought to have cleared, as a mortgagee in possession, Page, by leave, amended his answer and cross-

petition so as to call for an accounting, and offered to pay Turk any indebtedness that might be found due and owing him in redemption of the land, and prayed that possession thereof, upon payment of said amount, be restored to him. As this was an amendment in furtherance of justice, and not a departure, the court did not abuse its discretion in permitting the amendment, allowed by the referee, to stand. Ball v. Rankin, 23 Okla. 801, 101 Pac. 1105.

After the amendment was made, in support of his demurrer to the pleading as amended, Turk urged that the right of action to redeem was barred by the statute of limitations, and when the court sustained the holding of the referee, that such it was not, Turk assigns as error the overruling of his demurrer. There was no error in this, for the reason that in the former opinion we said:

"The possession not being adverse, the statute of limitations does not bar the plaintiff in error of his right of redemption."

And in the syllabus:

"Subdivision 1 of section 3888, St. Okla. 1893 (section 4655, Rev. Laws 1910), statute of limitations, does not run in favor of a mortgagee in possession."

And such is the law of this case.

In stating the account between the parties, the referee found:

"(1) That Turk took possession of the land in controversy, the northeast quarter of section twenty-nine (29), in township ten (10) north, of range three (3) west of the I. M., in Cleveland county, Okla., under foreclosure proceedings, and has had possession of said land from January, 1897, to present time, and has received all the rents and profits of same to this day. The foreclosure sale was in December, 1896. The sale was confirmed in May, 1897, in which month Turk received the sheriff's deed.

"(2) That Turk paid the Whittaker mortgage on September 4, 1899, in full to that date, as per the terms of the said note and mortgage.

"(3) That the note sued on in 1896 by Turk was given by Sharp and wife to Turk on October 25, 1894, for $500, with simple interest thereon from date at 12 per cent. per annum; the first interest payment being January 1, 1896, and the second interest payment due January 1, 1897, said note being due on last-named date, and that said note was secured by mortgage on the northeast quarter of section twenty-nine (29) in township ten (10) north, of range three (3) west of the I. M., subject to the Whittaker mortgage of $650; that said mortgage provided, upon default, for reasonable attorney's or solicitor's fees.

"(4) Turk has paid all of the taxes on the land from the year 1896 to 1913, inclusive of both first and last named years and $63 on back taxes for the years antedating 1896.

"(5) Turk made certain repairs and improvements, believing himself to be the owner, while in fact he was only a mortgagee in possession.

"(6) That Turk brought action to quiet title as to said land in the year 1902 against Morgan Sharp and wife and obtained judgment as to them. He also brought suit in 1909 to quiet title as to said land against Morgan Sharp and wife and Albert S. Page and wife, said suit being the present action.

"(7) Turk made improvements on said land with the intent to improve the farm as an investment, hoping to get cash rent and better tenants thereby and with the further intent of possibly, at some time, making it his home.

"(8) Turk did not keep a formal written account of rents, repairs, improvements, receipts, and disbursements, and believed that an accounting would never be necessary nor required.

"(9) That the deep well was 269 feet deep, double cased in part with corrugated iron casing, with pump and windmill attached, and that same cost for drilling and casing $310, and the windmill and pump cost $190; but the referee finds that the value of said improvements to the estate was only $270.

"(10) That while there is approximately only 3½ acres now in alfalfa on the place, that there was put in alfalfa in 1902 20 acres. There was evidence tending to show that the said seed cost Turk $72; but the referee holds that the said alfalfa was of $20 value to the estate.

"(11) That there are only a few fruit trees living at this time on the place, yet in 1902 Turk had 100 trees put out, and the evidence tended to show that the said trees cost $32; but the referee finds and holds that said fruit trees have added $20 to the estate.

"(12) That in the year 1898 the evidence tends to show that 12 acres of land was grubbed and put in cultivation at a cost to Mr. Turk of $108. The evidence also tends to show that 48 acres was broken in 1897 at a cost to Mr. Turk of $73.50; but the referee finds and holds that all of said breaking was only $50 value to the estate.

"(13) That in 1901 Mr. Turk paid for patching roof on kitchen and plastering in house $10.

"(14) That in the year 1913 Turk repaired the house (kalsomined rooms) at a cost of $15."

The referee concludes as a matter of law:

"(1) Turk is a mortgagee in possession (following and approving said Supreme Court decision, 43 Okla. 667, 143 Pac. 1047).

"(2) Turk is entitled to reimbursement for all reasonably necessary repairs, for all

taxes paid by him, for the value of the estate of the permanent improvements made on said land by him, and for the legal rate of interest on each and all items named in this paragraph, and interest on each item running from the date of its disbursement or improvement made, respectively.

"(3) Turk is entitled to the amount paid by him on the Sharp-Whittaker mortgage at legal rate thereon for the amount paid.

"(4) Turk is chargeable with the reasonable rental value of said land during his occupancy as mortgagee. Turk did not keep formal written accounts of the rents, and the evidence as to the receipts is insufficient to establish the rentals otherwise; but the evidence warrants the fixing of the reasonable average rental value of said land during said occupancy, in the sum of $250 per annum.

"(5) Turk is entitled to the reimbursement for all necessary expense actually incurred by him in the collection of the rents from said land.

"(6) Neither party is entitled to an attorney fee from the other party."

To the report of the referee was attached an itemized account. The trial court confirmed and adopted as a whole the findings of fact and conclusions of law of the referee, and rndered judgment thereon in favor of Turk and against Page for $1,639.50.

The assignments, other than those referred to heretofore, involve only errors alleged to have occurred during the progress of the trial before the referee, determination of which requires a review of the evidence adduced. All the evidence upon which were based the findings of fact and conclusions of law of the referee, approved and adopted by the trial court as its decision, was not preserved by bill of exceptions or otherwise, and is not incorporated as a part of the record before us. The long-established rule in this jurisdiction is:

"Where evidence produced at the hearing is not brought up by case-made, the presumption will be indulged that the finding of fact by the trial court is correct." Washington County Abstract Co. v. Harris, 48 Okla. 577, 149 Pac. 1075.

See, also, United States v. Choctaw, O. &. G. R. Co., 3 Okla. 404, 41 Pac. 729; Richardson v. Shelby, 3 Okla. 68, 41 Pac. 378; Rogers v. Brown, 15 Okla. 524, 86 Pac. 443.

A careful review of the conclusions of law found upon the findings of fact discloses no error therein.

Defendant in error has also assigned certain errors in the cross-petition. These assignments likewise involve a review of the

evidence produced before the referee, and as all of such evidence was not preserved and made part of the case-made, what we have said with reference to the assignments of the plaintiff in error applies with equal force to those presented by the defendant in error.

The judgment of the trial court is affirmed.

All the Justices concur.