## VIGER et al. v. EXCHANGE TRUST CO.

No. 20805. Opinion Filed March 29, 1932.

F. E. Riddle, for plaintiffs in error.

Chas. E. Bush, A. J. Kriete, and W. D. Calkins, for defendants in error.

KORNEGAY, J. This is a proceeding in error to review the action of the district court of Tulsa county in confirming a mortgage foreclosure sale. The option was given in the mortgage of foreclosure with appraisement or without it, as the mortgagee saw fit. The mortgagee, pursuant to this option, elected to ask for an appraisement of the property, and a sale under that procedure.

The only point that is relied upon in the brief for a reversal of the court's action below is made by one who bought the mortgaged property from the mortgagor. In the brief of the plaintiffs in error the assignments are that the court erred in confirming the sale, and refusing to set the sale aside, and that the sale was irregular and illegally made. The provision contained in the mortgage is as follows:

"An appraisement is waived or not at the option of the mortgagee. All of the covenants, agreements and terms contained herein shall be binding on the mortgagors, their heirs, personal representatives and assigns, and shall be for the benefit of the mortgagee, its successors and assigns."

An argument is made upon the proposition in the 21-page brief on behalf of the plaintiffs in error. The defendants in error filed a 12-page counter brief, and also a supplemental brief. In the original brief, the lament is that they cannot find a case. However, in the supplemental brief, the attorneys for the defendants in error have found a very early case, decided when Kansas was young, in which they have implicit faith, and the opening sentence in that brief is:

"Since the filing of the reply brief of Exchange Trust Company, defendant in error in this action, we have discovered that the Supreme Court of Kansas has squarely passed on the question involved here, that is, the option with the mortgagee to waive appraisement or not. This decision was given by the Kansas court in February, 1886, in the case of Clay and Wife v. Hilderbrand, found in 9 Pac. 466."

The quotation set out in the brief in giving the argument concluded with this:

"It will be seen that under the contract, the holders of the mortgage, whoever they may be and who are now the plaintiffs in this action, had the option in foreclosing their mortgage to have the property sold in accordance with the terms of the foregoing statute (meaning the section from which our section 704 was taken), or not, as they chose, and hence the court below did not err."

The language employed in the mortgage considered by the Kansas court, though not the same in verbiage, is the same in practical effect as the one before us. The syllabus to the case, however, shows, in the second subdivision, that no objection was made in the court below to the judgment ordering the sale with appraisement.

An inspection of the brief of the plaintiff in error shows that a public policy rule was mostly in the mind of the brief maker, and discussion is made of the lawful contract idea, and the case of Page v. Turk, 43 Okla. 667, 143 P. 1047, in which the writer of the brief concurred while a member of this court, is discussed and its language is distinguished as being "dictum," and extracts are taken from it, and what the court should have done, and what it did do, is somewhat contrasted, and reference is made to what the court quoted from some other cases, and the general deduction is made that stipulations in a contract in violation of statutes enacted for the benefit of orderly procedure are generally held void.

In the list of citation of cases are included three United States Supreme Court reports, one Louisiana reports, three Pennsylvania reports, one Missouri report, two Iowa reports, four Indiana reports, and two Oklahoma reports. Dennis v. Moses, 52 P. 333, from Washington, is liberally quoted from, and Stockmeyer v. Tobin, 139 U. S. 176, 35 L. Ed. 123, is quoted from, and Levicks v. Walker, 15 La. Ann. 245, is quoted from.

It is claimed that six propositions are established as being sound, the first being that the law requiring appraisement is for the mortgagor's benefit; second that the purpose of appraisement is to prevent a sacrifice of the property; third that the waiver helps the mortgagee and hurts the mortgagor, and six months' stay is therefore allowed; fourth, that the law is a declaration of public policy and cannot be waived by the mortgagor by the clause in the mortgage; fifth, that selling the land after appraisement without the six months' stay nullifies this public policy; sixth, the provision gives the mortgagee all the benefits the law accords him, and gives him the option to take the benefits.

In the counter brief, four Oklahoma cases are cited and discussed, a Missouri case, an Indiana case, and 36 Cyc. We do not deem it necessary to discuss them or to follow the line of reasoning therein set out in detail.

In this case the option of following either of two procedures prescribed by law was conferred on the mortgagee, i. e., by proceeding to have the land appraised and sold for not less than two-thirds of the appraisement, with confirmation of sale without delay other than necessarily incident to procedure, or to proceed in the manner provided by law, i. e., to sell the land regardless of appraisement pursuant to waiver contained in the mortgage, and to delay the sale for six months after judgment. Ordinarily adults can contract as they see fit. There are exceptions, however, to the general rule,

148

and, among others, is one to the effect that benefits of procedure prescribed as a matter of public policy are not to be waived by individuals by advance stipulation.

As applied to this case, a real estate mortgage foreclosure, we think the law was not violated by reason of following the procedure prescribed by law, calling for appraisement, even though the party for whose protection the law was enacted agreed that the mortgagee could follow the procedure thus laid down, or a procedure not requiring appraisement, providing a six months' stay. It is highly probable that had the lienholder sought to sell without appraisement, and waited six months and sold, the objection to the dispensing with appraisement would have been urged with as much plausibility as in the present case. Had there been no agreement on the subject, clearly appraisement would have been required.

The court below followed the statute and also proceeded in accordance with the agreement. We see no reason for reversing the case. It is accordingly affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. RILEY and McNEILL, JJ., absent.