THE SOUTHERN PINE LUMBER COMPANY, *a corporation, et al*
v. W. B. WARD, *et al.*

(Filed September 7, 1905.)

1. PRACTICE—Case Made—Amendment. Where counsel for plaintiff in error attached to a case made, after the same has been settled and signed by the court, a certificate of the clerk that the copies of documents therein contained from his office are true and correct such certificate is not an amendment of the case made and can have no office with reference thereto unless such case made should at some time be used as a transcript.

2. SAME—Statement of Contents. Where it is shown by a case made that "all of said evidence so introduced at said trial in said action

and the objections made and exceptions saved, and the orders and rulings of the court are in words and figures as follows, to wit: ' such declaration is a sufficient statement that the record contains all of the evidence.

3. SAME—Time of Filing Case Made. Where judgment was rendered March 16, 1903, and a case made has been settled, signed and filed in the supreme court, March 16, 1904, the same is filed within one year under the rule fixed by the statute of Oklahoma, which provides that "in the computation of time the first day shall be excluded and the last day included."

4. SAME. Where judgment was entered on the 16th day of March 1903, and a motion for a new trial was made and filed the next day and considered and overruled April 4, 1903, at which time appellants were allowed sixty days in which to make and serve a case made, the time so allowed commenced to run from the said 4th day of April.

5. APPEAL—Necessary Parties. In an appeal to the supreme court from a determination of a district court, persons not affected by or interested in the result need not be made parties.

6. JUDGMENT—Motion for New Trial Constitutes Exceptions to, When. Where a judgment is entered in the court below without exception, and a motion for a new trial is thereafter filed within three days, setting forth error in the proceeding by which judgment was obtained, the allegations of the motion for a new trial are a sufficient exception to bring before the court the questions of error raised by the motion, and if upon a hearing of said motion the grounds thereof are found to be well taken, the trial court or an appelate court upon appeal has jurisdiction to reverse or modify the judgment complained of.

7. APPEAL—Case Made—Certificate—Motion to Dismiss. A motion to dismiss a case made upon the ground that all the records are not therein contained which were produced to the lower court and examined and read by it, cannot be raised for the first time in the appellate court, and will not be considered unless the court can determine from the record that evidence before the lower court has not been preserved in the record. A declaration in the case made that it contains all the evidence, and a certificate of the lower court to the same effect is sufficient, unless the contrary is manifest from the record itself.

8. JUDGMENT—Collateral Attack—What Constitutes. Where an action has been brought to foreclose a trust deed, and a defendant therein pleads a superior title in himself under and by force of a prior judgment in the same court, and a co-defendant answers admitting the plaintiff's cause of action upon the trust deed, and shows that he was the party who executed the same and owned

the property, and still is the owner of the equity therein subject to the plaintiff's right under said trust deed, and by way of cross petition shows that his co-defendant had acquired no title under and by force of such former judgment for the reason that the court rendering such prior judgment did not have juridiction of the parties such pleading is a direct and not collateral attack upon such prior judgment, and where in such case the rights of the parties depend upon the validity or invalidity of such prior judgment the, question thus presented may be tried and determined, and the rights of the parties duly adjudicated.

9. SAME—Jurisdiction, Enquired into, When. The jurisdiction of any court exercising authority over any subject may be enquired into in every other court when the proceedings of the former are relied on and brought before the latter by a party claiming the benefit of such proceeding. (Following Elliott v. Pearsoll, 26 U. S. 329.)

10. SAME—Foreign Judgments—Satisfied, When. A judgment of a court of a sister state shown to have been paid in full upon execution to the sheriff holding the same, is fully and completely satisfied, and cannot thereafter be made the basis of an action in this Territory.

11. JURISDICTION—Not Acquired, When—Ficticious Action. Where an unauthorized person brings an action in the name of a party who has not consented thereto, such action is fictitous, and the court does not acquire jurisdiction of the plaintiff named, or of the subject matter and any judgment rendered in such proceedings is void.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno. H. Burford, Trial Judge.*

J. D. Cook,. Harper S. Cunningham, and. Cotteral & Horner, for plaintiffs in error.

F. H. Prendergast, for defendant in error Grigsbys.

Buckner & Son, for defendant in error W. B. Ward.·

STATEMENT OF FACTS.

This action was commenced in the district court of Logan County, by the defendant in error, W. B. Ward, May 5, 1900, against S. E. Pentecost, trustee, *et al,* praying for foreclosure

of a trust deed and sale of the property described in said trust deed to satisfy debt in the sum of $11,082.50.

The petition avers the said deed of trust was executed by Grigsby Bros., a copartnership of Marion county, Texas, composed of D. J. and G. M. Grigsby, to S. E. Pentecost of Guthrie, trustee, to secure an indebtedness of said partnership in the sum of $5000 to the National Bank of Jefferson, at Jefferson, Texas. That the note and trust deed had been sold and assigned by the National Bank of Jefferson *cestui que trust* to the plaintiff, W. B. Ward, before maturity; that the same was due and wholly unpaid, and that the sum of $11082.50 for principal, interest and penalty, was due thereon at the time of bringing the action. That the defendant Southern Pine Lumber Co., a corporation, the Southern Pine Lumber Co., a partnership, J. W. McNeal, Charles Griswold, Hattie P. DeBois, J. D. Elder, Wm. H. Dungan, G. W. R. Chinn, and Mrs. G. W. R. Chinn claim to have some interest in the property included in said trust deed, but that they were mere trespassers upon the property, and had no legal or equitable claim thereto: and upon information and belief plaintiff averred that the title or claim of the last above named defendants was based upon a sale of said property at an execution sale of the same by virtue of an execution issued out of the district court of Logan county, Oklahoma Territory, on a judgment of said court, in cause No. 1524 therein, in favor of the American Exchange Bank, a corporation, of St. Louis, Mo., against T. L. L. Temple and Benjamin Whitaker, partners, as the Southern Pine Lumber Co., the Southern Pine Lumber Co., a corporation of Arkansas. D. J. Grigsby, G. M. Grigsby, and T. L. L. Temple, partners under the firm name and style of the Union Lumber Mills Co., which judg-

ment bore date of March 2, 1895, sale being made thereon July 18, 1895.

The petition further avers, that neither the plaintiff nor the National Bank of Jefferson, the *cestui que trust,* nor S. E. Pentecost, trustee, were made parties to said action No. 1524, and that neither the plaintiff nor defendant in said case No. 1524, had or has any interest whatever in the property sold to satisfy the judgment, and that this plaintiff at the time said suit was filed and at all times since has held the legal title to said property by virtue of said trust deed, which was of record in the several counties in which said property was situated; that the sheriff of the several counties who sold said property on said judgment in said action No. 1524, together with the plaintiff and defendants in said cause, and the purchasers at said sale each had actual and constructive notice of the trust deed herein proceeded upon, and that plaintiff's title to said land was an unbroken chain. The plaintiff then avers that all proceedings had in said cause No. 1524 were null and void for want of notice to S. E. Pentecost, trustee, who was a resident of Guthrie, O. T., the *cestui que trust* named, or this plaintiff, and because no service was ever had, made or procured, upon or against any of the defendants in said action for the reason that the attempted service by publication was void.

To the petition of plaintiff the defendant, The Southern Pine Lumber Co., T. L. L. Temple, G. W. R. Chinn and Mrs. G. W. R. Chinn, filed joint answer, admitting that Grigsby Bros. became indebted to the National Bank of Jefferson, Texas, and that a trust deed was executed to S. E. Pentecost, trustee, to secure such indebtedness, and that such trust deed covering the property involved in this action has never been dis-

charged, but deny that the note of Grigsby Bros. to the National Bank of Jefferson, or the trust deed executed to S. E. Pentecost as trustee, was ever sold by the National Bank of Jefferson or its trustee for a valuable consideration to the plaintiff, W. B. Ward, and they further deny that a sale of said instruments were ever legally made and completed either before or after the maturity of said note, and deny the transfer in good faith of the said deed of trust for a valuable consideration, and deny any interest of the plaintiff Ward, either legal or equitable, in either said note or trust deed herein sought to be foreclosed, and deny that there is due and unpaid on said note the sum of $5000, or any other sum and deny that there is any amount or claim due to the plaintiff or any other person from Grigsby Bros. by reason of the execution of said note to the National Bank of Jefferson, Texas, or on account of the deed of trust executed to S. E. Pentecost, trustee. And for affirmative answer to the plaintiff's petition, the defendants set out that said note has been fully satisfied by payments to parties holding the same as legal representatives of the Bank of Jefferson, and that said note and security having passed by delivery to the receiver of the National Bank of Jefferson, and in his hands compromised and paid off by Grigsby Bros. by the payment of a sum less than its face value, and that upon such payment made by the said Grigsby Bros. said note was surrendered to them, and said deed of trust was assigned to them in blank after said note secured by said trust deed had been paid as aforesaid.

The answer of defendants alleges that G. W. R. Chinn and Mrs. Chinn, through T. L. L. Temple, have a complete and perfect title to the Oklahoma City property mentioned

in said trust deed, save and except the cloud existing by reason of said trust deed; and the Southern Pine Lumber Company have a perfect title to all of the property described in said trust deed situated in the city of Guthrie.

The defendant for further answer states that the American Exchange Bank brought in the district court of Logan county, O. T. an action No. 1524, the amended petition therein being filed on the 17th of December, 1894, against T. L. L. Temple and Benjamin Whitaker, partners, as the Southern Pine Lumber Co., a corporation of Arkansas, D. J. Grigsby, T. L. L. Temple and G. M. D. Grigsby, partners of the firm name and style of the Union Lumber Mills Co., and that judgment was entered in said cause March 2nd, 1895, and that this property was levied upon and sold on the 18th of July, 1895, and further alleges that said sale was made so as to dispose of all the interests held by D. T. Grigsby, G. M. D. Grigsby and T. L. L. Temple, partners under the firm name of the Union Lumber Mills Co. The defendants then aver that only the naked legal title to said property remained in said trustee Pentecost, with no rights therein except his charges and costs which the defendants then tender into court. That the plaintiff had never been known to any of the parties to these transactions save to the Grigsby Bros., they holding after settlement, the note given to the Jefferson County Bank and trust deed assigned in blank, both of which had served their purpose and been satisfied save upon the record; and as defendants verily believe suit thereon was brought by the plaintiff at the solicitation of Grigsby Bros., in this action; that there being no legitimate lien against said property by virtue of said trust deed, the same having been satisfied should be cancelled, and that the trustee

Pentecost should be directed by the court to satisfy the same, and plaintiff's petition be dismissed, and the property decreed to be in defendants, and for such further order as may quiet the title in the respective defendants.

To the petition of the plaintiff, and by way of cross bill to the answer of the defendants, other than themselves, the defendants G. M. D. and D. J. Grigsby pleaded admitting that they made the note and trust deed sued on, and admitting the allegations of plaintiff's petition that the note to secure which the trust deed had been executed, and the trust deed had never been paid, cancelled or released, and that five thousand dollars interest and attorney's fees were due and unpaid thereon, and admitted that plaintiff W. B. Ward was the legal owner and holder of the note and trust deed, by assignment from the Jefferson National Bank of Jefferson, Texas, through H. F. Austen, receiver, who acted under orders of the comptroller of the currency, and the law governing national banks, and who had no other right or interest in said note. In response to the answer of defendants other than themselves and by way of cross bill, the defendants Grigsby and Grigsby allege and say that they each have been and are now *bona fide* citizens of the state of Texas; that their interests in the property involved is the equity therein after satisfying the demands of the plaintiff upon the note and trust deed aforesaid; that about July, 1891, the Union Lumber Mills Co., a copartnership composed of D. J. and G. M. D. Grigsby and T. L. L. Temple, and T. L. L. Temple personally, and the Southern Pine Lumber company, copartnership, made and delivered to the American Exchange Bank of St. Louis its obligation in writing, which obligation was not paid, and said bank brought suit thereon in the dis-

trict court of Dallas county, Texas, and on the 9th day of January, 1892, recovered judgment against each of the obligors above named, upon which execution was issued February 7, 1892, which was by T. L. L. Temple, judgment debtor aforesaid, paid and satisfied in full; after the payment of which, without demand for accounting or contribution the said Temple, or the said Southern Pine Lumber Co., copartnership, or as a corporation, without right or authority in fact or in law, in the name of the said American Exchange Bank of St. Louis, Mo., filed suit in the district court of Logan county, O. T., against T. L. L. Temple and Ben Whitaker, partners, as the Southern Pine Lumber Co., the Southern Pine Lumber Company incorporated in Arkansas, and D. J. and G. M. D. Grigsby, and T. L. L. Temple, partners under the firm name of Union Lumber Mills Co., and caused attachment to be levied upon the property involved herein. That none of the defendants named in said suit, either individually or in their partnership or corporate capacity, made any appearance in said suit. On the 17th of December, 1894, an amended petition was filed in said cause, and on the 2nd day of March, 1895, judgment was rendered therein. This action was cause No. 1524 of the district court of Logan county, O. T. In July thereafter an amended judgment was entered in said cause, covering all the property involved in this action, under which said property was sold and the Southern Pine Lumber Co., either as a partnership or as a corporation, purchased the same at sheriff's sale. The defendants Grigsby and Grigsby aver that they challenge the sufficiency and legality of each and all of the proceedings in said cause No. 1524, and by their answer intend to and do directly attack as null and void, not due process of law, and

as an actual fraud upon them and a fraud and imposition upon the court, each and all proceedings had in said cause. Said judgment and proceedings are declared to be void because said Texas judgment was fully paid off and discharged when suit No. 1524 was brought. That it was brought in the name of the American Exchange Bank without the knowledge or authority of said bank, was brought by said Temple individually or as the then sole owner of the Southern Pine Lumber Co., a copartnership, and was therefore the real beneficiary in said suit using the name of the American Exchange Bank as plaintiff without its knowledge or consent, to avoid appearing in the capacity of both plaintiff and defendant. That as to G. M. D. Grigsby, the judgment is without pleading and void. That the Southern Pine Lumber Company, a corporation of Arkansas, made defendant in suit No. 1524, was not organized until September, 1892 and was not therefore in any wise liable on the Texas judgment, and was a fictitious party to said action. That the item in suit No. 1524 showing an account for $294.56 was not included in or a part of the Texas judgment, and was as alleged an account owing by the Union Mills Lumber Co. to the Southern Pine Lumber Company. That the American Exchange Bank, plaintiff in said suit No. 1524 never was the owner of said account, and was without knowledge thereof, and never at any time authorized an action to recover therefor in its name, and the court was therefore without jurisdiction to issue any process or render any judgment therein, and that it was in fact an indebtedness arising wholly outside of the Territory of Oklahoma. That the service was by publication, was not made as required by law, and defendants D. J. and G. M. D. Grigsby never had notice

either actual or constructive of the pendency of said action No. 1524, and for that reason made default therein. That the writs of attachment issued after the 17th day of December, 1894, were issued without affidavits to support them, affidavits filed prior thereto, and prior to the 17th of December, 1894, having been set aside by order of the court when an amended petition was authorized to be filed. The service by publication was void because the affidavit therefor did not show or allege that the defendants summoned thereby were non-residents of the Territory, or that with due diligence they could not be served therein. That the defendants Grigsby were able and would have paid T. L. L. Temple their *pro rato* share of the Texas judgment had the fact of his payment been brought to their notice, but that the said Temple concealed the fact of such payment with the intent and purpose to cheat and defraud these defendants by the institution of said suit No. 1524, the bringing of which in the name of the American Exchange Bank of St. Louis, as well as the suing out of writs of attachment on behalf of a plaintiff which had no knowledge of the bringing of the action or interest in the subject matter thereof, was a fraud and imimposition both upon these defendants and the court, and was further a fraud because said Texas judgment had been fully paid to the American Exchange Bank by one of the judgment debtors therein, and said judgment would thereafter support no action except for contribution between the several judgment debtors, and that therefore all judgments, decrees or sales in said action 1524 were illegal and void; and the defendants Grigsby pray that the same may be declared void and of no force or effect, and that they be by order of the court held to have a direct interest in said property, subject

to the payment of the plaintiff's note and deed of trust, and to the end that upon the payment of the said note and deed of trust their title in and to the property described therein shall be and remain unclouded by the judgment and proceedings in said cause No. 1524.

The defendants Grigsby in addition to the allegation of the foregoing cross petition say that the indebtedness paid by Temple in paying the Texas judgment was a debt wholly due from him, primarily. That the Union Mills Lumber Co. executed two notes to the American Exchange Bank, one for $884.90, which was endorsed by T. L. L. Temple, the other for double that sum was endorsed by Grigsbys, they receiving the proceeds of the one note they endorsed and Temple the other. That each took the proportion of money due them as partners in the Union Lumber Mills Co. That Grigsby paid their proportion, but that the amount Temple was primarily liable for went to judgment in Dallas, Texas, judgment hereinbefore referred to, which judgment was made the basis for the said action No. 1524. That if the debt sued on in No. 1524 is held to be just, they stand ready to pay such portion of the same as their interest in the Union Lumber Mills Company would represent. They further allege that T. L. L. Temple, acting as the Southern Pine Lumber Co. purchased the property at sheriff's sale, and that because of his fraudulent acts in procuring the judgment upon which the property was sold, he should be decreed to hold in trust for these defendants Grigsby, to the extent of their interest before the sale, if in the judgment of the court the title of said Temple by virtue of such sale may not be held void. That the title of defendants Chinn and Chinn is tainted with Temple's fraudulent acts, and that they purchased from Temple with full knowl-

edge of the fraud and without paying a valuable consideration, and ask that the title of each one of the defendants claiming adversely to themselves be divested by decree of the court, and set aside as a cloud upon the title of the Grigsbys.

To this cross complaint of Grigsbys a general denial was filed by the defendants Temple, Chinn and Chinn and the Southern Pine Lumber Co. A trial was had in the district court of Logan county, without a jury, resulting in a judgment and decree holding the title of defendants acquired by purchase at the sheriff's sale upon the execution to satisfy the judgment in case No. 1524, and all the proceedings in said case void, and decreeing the legal title to the property involved to be in the defendants Grigsby, and quieting the title in them; subject, however, to the lien of the plaintiff Ward. which is found to amount to $5797.00, which lien of the plaintiff Ward was foreclosed, and a sale of the property involved was ordered to satisfy said lien. The defendant Southern Pine Lumber Co., a corporation, and the Southern Pine Lumber Co., a copartnership, T. L. L. Temple individually, and G. W. R. Chinn and Mrs. G. W. R. Chinn filed motions for new trial, which were by the court considered and overruled, and the said defendant moving for a new trial, now brings the case to this court for review upon error.

The opinion of the court sufficiently shows all other and necessary facts to a complete understanding of the case.

Opinion of the court by

GILLETTE, J.: In the consideration of this case we have first presented for the determination of the court, certain motions to dismiss the petition in error, filed by the defendants in error, Ward and G. M. D. Grigsby and D. J. Grigsby.

As the motion filed on behalf of Grigsby and Grigsby adopts and approves the motion to dismiss filed by defendant in error Ward, we will determine the motion upon the grounds stated in his motion.

The first ground is that as the case made was signed and settled by the trial judge March 15, 1904, the plaintiff in error amended it by inserting therein a certificate of the clerk of the district court to the effect that purported copies of pleadings, judgments, orders, etc., contained in said case made were true; second, by inserting at page 87 1-2 of the case made a statement that "all of said evidence so introduced at said trial * * * * * are in the words and figures as follows."

We have examined the case made at page 87 1-2 of the record as well as the record, and are unable to determine therefrom that it was "inserted" in the case made or to verify from anything that appears of record, the allegations of the motion. There is nothing connected with page 87 1-2 of the record that could justify a statement that it was not there at the time the trial judge settled and signed the case, the same as it is at the present time, and must therefore be treated as a part of the case made, which was settled and signed by the trial court; and with reference to the certificate of the clerk at page 104, being the last page of the record, and following the certificate of the judge to the case made, it is no part of the case made and is not an amendment to it, the judge having certified that the record preceding his certificate is the case made which he signs and settles as such. The certificate of the clerk afterwards added does not refer to the evidence, but is a certificate to the correctness of the copies of the files which are on file in this office. Such certificate

could serve no purpose connected with the case, unless possibly at some state of the proceedings the record as made up might be used as a transcript, instead of a case made, in which case the certificate of the clerk, and not the certificate of the trial judge, would be of value.

The second and third grounds of the objection will be considered together. They allege that the case made does not show that it contains all the evidence before and considered by the lower court in the trial of the case. The case made contains this declaration:

"And at the trial of said action, the said cause was tried to the court without the intervention of a jury. The parties appearing, introduced their evidence, and certain orders and rulings were made at said trial, and certain objections made, and exceptions saved. All of said evidence so introduced at said trial in said action, and the objections made and exceptions saved, and the orders and rulings of the court, are in words and figures as follows, to wit:"

It will be observed that the language used is that the record contains all of the evidence offered upon the trial. We are cited by counsel to a number of authorities which are offered as sustaining this objection. An examination of them shows that the word "testimony" was used instead of evidence. There is a broad distinction between the two words. The word "testimony" means statement by witnesses under oath. while the word evidence, in its legal acceptance, includes all the means by which any alleged matter of fact under investigation is established or disproved. Testimony is not synonymous with evidence, as the word evidence, when addressed to a particular cause, covers all the testimony, records, documents, papers, and proofs submitted for the considera-

tion of a court or jury; and where, as in this case, the record shows that all the evidence introduced at a trial is contained in the case made, in the absence of some showing to the contrary it must be held to be all the evidence produced to or considered by the court below.

The fourth ground of the motion is that summons in error was not issued within one year from the date of the judgment, to wit: March, 16, 1903, and in this connection counsel for the defendants Grigsby and Grigsby move a dismissal of the case because no case made was presented within three days after judgment was rendered, nor was an extension of time granted within three days; that the term of court was allowed to adjourn without time being granted within which to present and settle a case made, and if it be considered that time was allowed, the same was not prepared and settled within the time so allowed.

The judgment was entered on the 16th day of March, 1903, and summons in error was issued March 16, 1904. The record in this case shows that a motion for a new trial was made and filed March 17, 1903, was considered and overruled on April 4, 1903, at which time the appellants excepted to the order overruling the motion, and were allowed sixty days in which to make and serve a case made, and thereafter from time to time up to and including December 22, 1903, for good cause shown, the time was extended 60 days. On the 12th day of October, 1903, however, counsel for defendant in error Ward, acknowledged service of the case made, and on October 15, 1903, counsel for defendants Grigsby and Grigsby, partners, also acknowledged service of the case made on behalf of G. M. D. and D. J. Grigsby, comprising the firm

of Grigsby Bros,. and each of them.  On March 14 the case made was presented to the trial judge for settlement, after due notice to Ward and the  Grigsbys, and was  settled and signed on March 15, 1904.

As to each of the objecting defendants Ward and Grigsbys, the case  as shown by the  foregoing record  was served within the time allowed by the orders of the court extending the time.   On the 12th day of September, 1903, the defendants in error, Blincoe, McNeal, Griswold and DeBois, in writing, waived service upon them of the case made, and notice of signing and settlement of the same, also of the service of the summons in error.   October 14, 1903, the American Exchange Bank of St. Louis waived service of case made upon it, which provided that such waiver should not constitute an entry of appearance, and afterwards on the 18th of February, 1904, said bank by its president acknowledged service of the case made.   October 16, 1903, Benjamin  Whitaker waived service of case made, and notice of the time of settling same. March 5, 1904, the American Exchange Bank waived notice of the time and place of settling and filing the case made.

Under this status of the record we are unable to understand the contention of counsel.   The language used with reference to the settling and  signing of the case  made would seem to indicate that they understood the extension of time granted was an extension of time within which to have the case made settled and signed by the court.

It is argued by counsel for defendants Grigsby that the. last extension December 22, 1903, of sixty days, expired February 21. 1904, and case made was not settled until March 14 following. which was too  late, as extension of  time expired

February 21.    The law of proceeding in error by case made
is manifestly misunderstood by counsel. The extension of time
to make and serve a case made is not an extension of time
within which the same may be settled and signed by the court.
The case made must be made within three days of the ren-
dition of the judgment and served upon the opposing party,
unless for good cause such time is extended by order of the
court or judge.    After service of the case made the same may
be settled and signed by the court or judge when presented
by either party upon notice to the other within one year of
the date of rendition of judgment.

The objection therefore   that the case was   not settled
within the time allowed by the court is without foundation.

The objection that no case made was presented within
three days, and no   extension of time   granted within three
days, and that the court adjourned without time being grant-
ed, presents no substantial ground for the motion to dismiss
the appeal.    Under the practice in this Territory, the ob-
jections and exceptions taken and allowed upon the trial to
the proceedings there had, and which are relied upon as error,
are preserved by a motion for a new trial, which may be filed
within three days after the rendition of judgment, or the re-
turn of a verdict, and until after this motion for a new trial
is heard and passed upon by the court, there is no reason or
grounds for the making and service of a case made.    The
action is pending in the trial court upon the motion for a
new trial, and may be   disposed of upon the   application of
either party.    The verdict or judgment, if one had been en-
tered in the case, does not become final in the court below until
such motion for a new trial has been heard and determined,

and upon which hearing, if exceptions are taken to the rulings of the court upon the motion for a new trial, the court may then for good cause extend the time within which the case may be prepared and served by the party objecting, upon the adverse party.

The grounds of the motion that summons in error was not issued within one year from the rendition of judgment, cannot be sustained, even though it be granted that such case must be settled and summons issued thereon within one year of the date of the rendition of judgment. The record shows judgment to have been entered March 16, 1903, and the case made to have been filed in the supreme court and summons was issued thereon as conceded on the 16th day of March, 1904. Sec. 4918, Wil. Ann. Stat. provides:

"The time within which an act is to be done shall be computed by excluding the first day, and including the last; if the last day be Sunday, it shall be excluded."

This statute was borrowed by this Territory from the state of Kansas, where it had been passed upon and construed many times prior to its adoption here. The precise point under consideration here was considered by the supreme court of Kansas in *Board of County Commissioners of Smith County v. Labor, et al.,* 15 Pac. 577. The court in that case say:

"A proceeding in error, commenced in the supreme court on the same day of the same month of the next year after an order or judgment sought to be reversed, is made or rendered, is commenced within one year, and in proper time."

This objection cannot therefore be sustained.

The fifth ground of the motion to dismiss is that the case made was not served upon a number of necessary parties naming S. E. Pentecost, trustee, his alleged representatives Dungan, Bannister & Elder, the Southern Pine Lumber Co. a partnership, and Grigsby Bros., partnership.

It is not shown in what manner S. E. Pentecost was interested in the proceedings in error by which this case was brought to this court. He was neither judgment creditor nor debtor, and had no personal estate in the property involved, was dead when the case was tried in the court below, and the case was tried without being revived as to him; his *cestui que trust* had parted with its interest in the property involved by an assignment thereof to the defendant in error, Ward. His legal representatives were not in any wise affected or interested. The judgment in the court below did not, and an affirmation or modification of that judgment could not affect his estate, nor could his legal representatives be held under the circumstances to be charged with any duty that he was charged with as trustee. We therefore hold that he was not a necessary party to the proceedings here sought to be reviewed. The case of *Jihnert v. Conde*, 39 Kansas, 265, is not in point. In that case the judgment creditor died and his representatives were necessary parties.

As to the partnership, Southern Pine Lumber Co., and Grigsby Bros. the record shows service of case made on the two Grigsbys as partners and each of them, and this record further shows that these persons were the partners composing the firm of Grigsby Bros. We are unable to understand what counsel meant by such an objection. A partnership is an inanimate thing and is brought into court by service upon the individuals composing

the firm, and when so served the individuals and the partnership are in court for all purposes of the case. The partnership, Southern Pine Lumber Co., was composed of T. L. L. Temple and Benjamin Whitaker as shown by the record. Mr. Whitaker, October 16, 1903, waived service of case made upon him, and notice of time and place of settling and signing the same. His partner, T. L. L. Temple, is one of the plaintiffs in error, and in fact the principal mover in that behalf, and is therefore in court for all the purposes of this case.

The sixth ground of the motion has less reason for its support than the fifth. It is based upon the alleged fact that the American Exchange Bank of St. Louis and G. M. D. and D. J. Grigsby as individuals are not by the petition in error made parties to this proceeding in error, and are necessary to its determination. This ground of the motion cannot be sustained. By the language of the petition in error G. M. D. Grigsby and D. J. Grigsby are made parties defendant. There is no allegation which makes the partnership firm of Grigsby Bros. a party defendant; but the petition reads, "G. M. D. Grigsby and D. J. Grigsby partners as Grigsby Bros." The words "partners as Grigsby Bros.," must be held to be words descriptive merely of G. M. D. Grigsby and D. J. Grigsby, and these persons having been summoned, entered a general appearance in this court as to this procedure in error, this court having acquired thereby jurisdiction to determine their respective rights by virtue of the proceedings had in the court below. With reference to the American Exchange Bank of St. Louis it appears from an examination of the record that the action was one to foreclose a trust deed in favor of defendant in error Ward, and against the defendants

named, whose interest it is alleged was inferior to the rights of Ward under the trust deed. In this action the American Exchange Bank was not made a party defendant. Grigsby and Grigsby were made parties defendant, and they answered confessing the right of action of the plaintiff Ward, and claiming the equities in the property in question after the demands of Ward had been satisfied. In their cross petition they ask to have the American Exchange Bank made a party, but procured no order of the court making it a party. The American Exchange Bank however was summoned by publication, but made default. The president of the American Exchange Bank appeared as a witness on the trial of the cause, as did also the attorneys for said bank, without making a showing or claiming that any interest of the bank was involved in the suit; and later upon appeal to this court waived service of case made, and later still, after a copy of case made had been served upon it, waived notice of the time and place of settling the case made, and has failed to appear to any of the proceedings had in this court. The court upon examination of the record is unable to determine that the presence of the bank is necessary to a complete determination of the issues in this case, or that it has any interest affected by the judgment of the court below, or that may be affected by the affirmation, reversal or modification of the judgment, and is therefore of the opinion that the American Exchange Bank is not a necessary party to this proceeding.

The seventh ground of the motion is that no exceptions were taken or saved to the rendition of the judgment in the court below. The allegations of the motion for a new trial filed in due time are sufficient in this case to bring before the court the questions of error contended for, and which if

found sufficient will justify this court in making such order with reference to such final judgment as may be necessary to correct the same. We find however upon examination of the record that the final judgment at the time of its rendition was objected to by the defendant Southern Pine Lumber Co., T. L. L. Temple and Chinn and Chinn, plaintiffs in error.

The 8th and 10th grounds of objection are in substance that the judgment in the court below having been rendered on the 16th day of March, 1903, and the motion for a new trial determined April 4, 1903, at which time upon overruling said motion sixty days' time was allowed by the court in which to make and serve a case for the supreme court, that sixty days' time began to run from the date or rendition of the judgment, and a second extension of time June 1, 1903, was out of time, because more than sixty days from the date of judgment. The subject matter of this objection was partially considered in the determination of the fourth ground of the motion, *supra,* where we determined that upon the filing of a motion for a new trial within three days of the date of the rendition of judgment, the case was thereafter pending in the lower court, and further proceedings stayed until the motion for new trial was heard and determined. The record shows that the motion for a new trial was entered March 17, 1903, the next day after judgment, and was determined April 4th following, at which time 60 days was allowed in which to make and serve a case made. This 60 days did not relate back to or commence to run on the date of the rendition of the judgment, but did commence to run April 5th, under the rule of the statute excluding the first day in computation of time. The error then complained of was the overruling the motion for a new trial, and exceptions

being taken, there was preserved thereby any error that may be found to have been made in overruling such motion, and in this manner the entire case is brought to this court for review upon all questions of error presented in the motion for a new trial; and if upon consideration it is found that the motion for a new trial is erroneously overruled, because of error of record properly presented by such motion, the judgment of the court below, which was stayed by the motion, will be modified accordingly. It is not error, therefore, to allow sixty days' time from the date of overruling the motion for new trial in which to make and serve a case made, which may be extended from time to time for good cause by the trial court, if each extension is allowed prior to the expiration of the last preceding one.

The ninth and last ground for consideration is upon the ground that the case made does not contain all of the evidence which was before the lower court, and there considered upon the trial. Counsel say: "All of the records of the lower court in case No. 1524 was as a matter of fact produced to the lower court and examined and read by it, but the stenographer did not get the offer in the record." This is an assumption by counsel, as the record shows that all the evidence is in the record, and if this fact of record is not correct, it should have been corrected by counsel for defendant in error, when the case made was settled and signed. Such a question cannot be raised for the first time in this court by an allegation of this kind, and will never be considered unless the court can determine from the record that evidence before the lower court has not been preserved in the record and brought to this court.

Having considered each of the grounds of the motion of the defendants in error to dismiss the proceedings in error, and being unable to concur in each or any of the grounds of said motion, the same is hereby overruled and denied.

From the statement of facts in this case showing the issues as framed by the pleadings, it will be seen that the plaintiff sues to foreclose a trust deed, making numerous parties defendants who are charged with claiming some interest in the property, but whose rights are inferior to the plaintiff's right under his trust deed sought to be foreclosed.

The plaintiffs in error answering the petition allege that their title is not inferior, that they are the owners of the property, holding under a title derived by purchase at a sheriff's sale of the same, pursuant to a judgment ordering and directing the sale of the same in a case No. 1524 in the district court of Logan county, Oklahoma, being the case of the *American Exchange Bank of St. Louis v. T. L. L. Temple et al., defendants*; that in said sale all of the right, title and interest of G. M. D. and D. J. Grigsby was foreclosed and disposed of, they at the time being the owners thereof. G. M. D. and D. J. Grigsby, defendants, answer plaintiff's petition admitting their indebtedness to plaintiff Ward, and the existence and validity of the trust deed by the plaintiff sought to be foreclosed, and aver that they are the owners of the equity in the property covered by the trust deed sought to be foreclosed, after their debt to the plaintiff has been satisfied.

By way of answer and cross petition to the allegations of the answer of T. L. L. Temple, *et al.*, they say that no interest, right or title in the property was by him or his co-

defendants acquired under and by virtue of the sheriff's sale had pursuant to judgment in cause No. 1524 aforesaid; that said judgment and all proceedings thereunder in cause No. 1524 were void; that said judgment was entered by the court without jurisdiction of the parties.

From the foregoing brief statement of the issue it is apparent that if the plaintiffs in error acquired no title to the property by the proceedings had in case No. 1524, Logan County, O. T. that being their only source of title, the judgment of the court below foreclosing the trust deed sued upon, is correct. Upon the trial of the cause the trial court, after hearing the evidence, found the judgment and proceedings in cause 1524 to be void for want of jurisdiction in the court of the subject-matter, or of the parties and entered judgment vacating and setting the same aside, and all proceedings had thereunder, and quieting the title to the property involved herein in G. M. D. and D. J. Grigsby, which was by the further decree of the court ordered sold to satisfy the indebtedness of said Grigsbys to the defendant in error, Ward, in the sum of $5797.00. It is urged by the plaintiff in error that this finding and judgment were erroneous for want of authority to hear and determine in this action the question of the validity of the judgment in 1524 and proceedings thereunder.

It will be observed that the plaintiff in error and G. M. D. and D. J. Grigsby were brought into court in this case for the purpose of foreclosing their title to the property in question.

The Grigsbys were charged as being debtors to Ward, which indebtedness was secured by the trust deed sought to be foreclosed. The plaintiffs in error answering claimed that

the indebtedness to the plaintiff was a pretense without foundation in fact, that it had once existed, but had been paid in full, which payment had liquidated any right of action to foreclose the trust deed, and that thereafter by reason of the judgment in 1524 and sale of the property pursuant thereto, they, the plaintiffs in error, were the owners in fee of the property. This issue presented by the plaintiffs in error the Grigsbys assailed in their cross petition, charging that the plaintiff in error acquired no title under and by virtue of the judgment and proceedings in case No. 1524, it being void as we have heretofore stated for want of jurisdiction of the parties to it, both plaintiff and defendant, and ask to have such judgment vacated and held for naught. This we hold was not a collateral attack, and cannot be held to be such. It was a direct attack, and intended as such upon the validity of that judgment, and might be made in this action under the circumstances of this case. A multiplicity of suits is discouraged by law, and where, as in this case, the rights of the parties depend upon the validity or invalidity of some other judgment of the court, which is charged to be void for want of jurisdiction of the subject matter or the parties, and the necessary parties are before the court to enable it to determine the validity or invalidity of such other judgment for such cause, such determination may be had where it is necessary to a conclusion of the rights of the parties to the litigation.

In this case the plaintiff in error brought forward the judgment and proceedings thereunder in 1524 as the basis of their right to resist the foreclosure of the trust deed executed by the defendants Grigsby, who in turn say that such judgment was void for want of jurisdiction of both the parties

and the subject matter, and set forth the reason why their allegation is true.

The court heard the evidence, and found the issues thus framed in favor of the allegation of want of jurisdiction in the court rendering judgment in case No. 1524, and entered its decree holding such judgment void. In this we see no error, nor any legal ground of complaint on the part of the plaintiff in error. It would be otherwise if it had been alleged that the judgment was voidable merely, for in such case the court would have been called upon to act in an appellate capacity, and this we understand to have been the decision of the supreme court of the United States in *Elliott v. Pearsall,* 1st. Peters, 26 U. S. 240, where the court says:

"Where a court has jurisdiction, it has a right to decide every question which occurs in the cause; and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. But if it act without authority, its judgment and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered in law, as trespassers. This distinction runs through all the cases on the subject; and it proves that the jurisdiction of any court exercising authority over a subject, may be inquired into in every court, when the proceedings of the former are relied on and brought before the latter, by the party claiming the benefit of such proceedings."

This determination was reviewed and confirmed by the supreme court in 44 U. S., 750. And in 49 U. S., 541, the court say:

"The principle that a record cannot be impeached by pleadings is not applicable where there is a want of jurisdic-.

tion. The want of it makes a record utterly void and unavailable for any purpose. The want of jurisdiction is a matter that may always be set up against a judgment when it is to be enforced, or when any benefit is claimed under it."

Here a benefit was claimed by the defendants Temple, *et al.*, under the judgment in case No. 1524, which was disputed by the defendants and cross petitioners, the Grigsbys, and it thus becomes apparent that under the law as above expressed by the supreme court of the United States, the judgment and proceedings in case No. 1524 were before the trial court in such a way as to authorize that court to pass upon their validity. This the trial court did, and determined the judgment and all proceedings thereunder to be utterly void for want of jurisdiction over the parties plaintiff or defendant, or of the subject matter of the action. This judgment in No. 1524 being thus open to the court's inspection in this case, the first inquiry of the court was necessarily directed to the proceedings by which it was claimed that court had obtained jurisdiction over the parties litigant and the subject of the action.

To a complete understanding of case No. 1524 let it be remembered that the American Exchange Bank of St. Louis had brought suit in Dallas, Texas, against the Union Mills Lumber Co., a partnership composed of the Grigsbys and Temple, and the Southern Pine Lumber Co., a partnership composed of T. L. L. Temple and Ben Whitaker, and T. L. L. Temple personally, in which action the said bank plaintiff recovered judgment against the defendants named, and upon which judgment execution was issued, and which execution was satisfied in the hands of the sheriff by payment thereof

by T. L. L. Temple.   Thereafter suit No. 1524 was brought
in the district court of Logan county, Oklahoma, in the name
of the American Exchange Bank upon the Dallas judgment,
and against the defendants, T. L. L. Temple and Ben Whit-
aker, partners of the Southern Pine Lumber Co., the South-
ern Pine Lumber Co., a   corporation of   Arkansas, D.   J.
Grigsby, G. M. D. Grigsby, and T. L. L.   Temple, partners,
under the firm name of Union Lumber Mills Co., to recover
in that court upon the Dallas judgment as a first cause of
action; and a second cause of action therein stated upon an
account alleged to have been owing by the Union Lumber
Mills Co. to the Southern Pine Lumber Co., and by said
company assigned to the Southern Pine Lumber Company, a
corporation, and by said corporation assigned to the plain-
tiff.   An atachment was issued in said cause out of the dis-
trict court of Logan county, O. T., and levied upon the prop-
erty now in question in this suit.

Service of summons by publication was had upon the
defendants named, and upon default by them judgment was
entered for the amount sued for, and the attached property
ordered sold, plaintiffs in error becoming the owners under
and by virtue of a sale had pursuant to such order.

The title of plaintiffs in error to the property in con-
troversy by reason of such judgment and sale, is, we think,
the bone of contention in this suit.   The trial court held the
judgment and all proceedings thereunder void, and this hold-
ing must be affirmed.

While it is true that the American Exchange Bank of St.
Louis, plaintiff in cause No. 1524, was not made a party
to this case, it is also true, we think, that said bank never

was a party to the proceedings had in said cause No. 1524. Its president was a witness in this case, and testified that he did not know anything about the case, No. 1524, that Mc-Cormick & Spence, attorneys at Dallas, Texas, were the bank's attorneys and the only people who had authority to bring that action in that behalf; that he as president of the bank did not know of the suit until he was written to about it by Mr. Prendergast, attorney for the defendants in error; that he knew nothing about the $294.00 account sued on in that action, and that he would have known of it if the same had ever been transferred to the bank. And the record further shows that McCormick & Spence knew nothing of the bringing of the action, and did not authorize it to be brought.

By the testimony of the plaintiff in error T. L. L. Temple, it appears that he caused the action No. 1524 to be brought without consultation with the American Exchange Bank.

The record further shows that the Dallas judgment was collected upon execution in February, 1892, from T. L. L. Temple, and the amount so collected was by the sheriff paid to McCormick & Spence, attorneys for the American Exchange Bank. This testimony is undisputed upon the record and justifies the finding of the court below, that said action No. 1524 was never brought or authorized by the American Exchange Bank, the plaintiff named therein. It had in fact no cause of action. The Dallas, Texas, judgment having been paid on execution, the same was thereby liquidated, and could not rightfully be made the basis of another action, by the bank or any one in its behalf; and it could not become the owner of the $294 account sued on except by

some agreement or undertaking whereby it became entitled to maintain an action thereon.

It therefore appears from the record that the district court of Logan county did not at the time of the rendition of the judgment in said cause have jurisdiction of the plaintiff in that action, of the subject matter, or to render any judgment in that case in the plaintiff's name.

Jurisdiction of the parties and of the subject matter is essential to the rendition of a valid judgment, and without it a judgment is void, and no right can be acquired thereunder. It is equally as essential that the court should have jurisdiction of the plaintiff as of the defendant. Such jurisdiction is ordinarily acquired by the plaintiff coming voluntarily into court and by appropriate pleadings invoking the exercise of the court's jurisdiction, thereby submitting himself and his cause of action to the ultimate determination of the court.

If it is shown that this is not done or authorized to be done, the court acquires no jurisdiction of the subject-matter, and if as in this case the action is instigated and directed by a person not authorized, it is immaterial what the motive may have been, it is fraud upon the court as well as the parties, and all transactions thereunder are void *ab initio.*

Fraud of such character vitiates and avoids all rights attempted to be acquired thereby; and if a record, void for such reason, is brought forward and relied upon by a party to pending litigation, and its validity is challenged as in this case, and a determination of its validity or invalidity is necessary to complete determination of the pending cause, such validity or invalidity may be determined. It is imma-

terial whether or not the parties plaintiff to the challenged record are brought in; he is sufficiently represented by the party claiming under him who pleads or relies upon the right acquired thereunder and thereby, for in such case there was no party plaintiff,—the whole proceedings were fictitious and void, and when clearly and satisfactorily shown to be so, should be so declared.

The trial court in considering the validity of the judgment in No. 1524 found the services by publication void for want of sufficient allegations in the affidavit therefor; and the order of attachment also void for want of a sufficient affidavit to warrant the issuance of the same.

We find it unnecessary to determine these questions; having already determined that the judgment in said cause No. 1524 and all proceedings thereunder were void for want of jurisdiction in the court rendering the same, such conclusions determined the rights of the plaintiff in error in this case adversely to them. With the rights of the plaintiff in error eliminated from this case, for the reason hereinbefore stated, the cause stands as an action by the defendant in error, Ward, for foreclosure of a trust deed against the defendants Grigsby. The lower court found the legal title to the property in question to be in the defendants G. M. D. and D. J. Grigsby, who executed the trust deed sued upon, and quieted the title in them subject to the rights of the plaintiff under such trust deed, and entered judgment foreclosing the same, which judgment we think was correct, and must be affirmed. Judgment affirmed.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.