## ROY L. BOPST ROOFING CO. v. SALEM TRADING & FINANCE CO., Inc.

No. 16195—Opinion Filed Jan. 12, 1926.

**1. Appeal and Error — Questions of Fact —Defective Record of Evidence.**

The Supreme Court will not reverse the decision of the trial court upon a question of fact, where the record as presented to said court does not purport to contain all of the evidence heard in the trial court.

**2. Same—Presumption Favoring Findings.**

Where evidence produced at the hearing is not brought up by case-made, the presumption will be indulged that the finding of fact by the trial court is correct.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Washington County; H. C. Farrell, Judge.

Action by the Salem Trading & Finance Company, Inc., against the Roy L. Bopst Roofing Company, a copartnership, for re-

covery of $216, with interest. Judgment for plaintiff, and defendant brings error. Affirmed.

W. B. Allen, for plaintiff in error.

P. A. Sompayrac, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Washington county, Okla., by the Salem Trading & Finance Company, Inc., defendant in error, plaintiff below, against the Roy L. Bopst Roofing Company, a copartnership, composed of Roy L. Bopst, Wm. O. Bopst, and Ruby Irene Bopst, plaintiffs in error, defendants below, to recover the sum of $216 with interest at six per cent. per annum from January 26, 1924, due on a bill of exchange drawn by the Asbestos Limited Corporation of New York against the Roy L. Bopst Roofing Company, dated at New York, October 26, 1923, and accepted by the Roy L. Bopst Roofing Company on the same day payable at the Union National Bank at Bartlesville, Okla., said draft being indorsed, "Asbestos Limited by E. Van Horn, Assistant Treas.," and protested for nonpayment on the 26th day of January, 1924. Said draft bears the following additional indorsements:

"Salesman Trading & Finance Co."

"Pay to any bank, banker or trust company, for collection January 19, 1924. The Hamiltion National Bank of New York, James R. Postal, Cashier."

"Pay to the order of any bank or trust company for collection for account, January 21, 1924. Federal Reserve Bank of New York, County Collection Division."

The parties will be referred to in this opinion as plaintiff and defendants, as they appeared in the lower court.

In the petition of plaintiff it is alleged that said draft was, before maturity, sold, assigned, transferred and indorsed to the plaintiff by the Asbestos Limited, and that plaintiff was now the owner and holder thereof, and that plaintiff was still the owner and holder of said draft, and had made repeated demands on the defendants for the payment thereof, but the defendants had wholly failed and refused to pay.

Summons was duly issued and served upon the defendants, and on the 25th day of July, 1924, judgment was rendered by default in favor of the plaintiff and against the defendants. In the journal entry it is recited:

"* * * Thereupon the court proceeded to hear the evidence, and being fully advised finds: That the allegations of plaintiff's petition are true. That the defendant signed and executed their certain draft or bill of exchange drawn by Asbestos Limited, dated October 26, 1923, and payable January 26, 1924, whereby they promised and agreed to pay said draft or bill of exchange on said 26th day of January, 1924, amounting to $216, and by reason thereof they became indebted to said Asbestos Limited for said sum of $216. That before maturity the said Asbestos Limited, a corporation, sold, transferred and indorsed said draft or bill of exchange to the said plaintiff, who became the owner thereof before maturity for value. That plaintiff is still the owner and holder thereof, and the same is due and unpaid, and by reason thereof the defendants and each of them are indebted to the plaintiff in the sum of $216 with 6 per cent. per annum interest from January 26, 1924, until paid, and there is now due an accrued interest in the sum of $6.48."

Defendants filed motion for new trial, which was duly heard and overruled, and defendants reserved their exception thereto, and the cause comes regularly upon appeal to this court for review of said judgment.

The attorney for defendants set up four assignments of error, which are as follows:

"(1) The court erred in overruling the motion of the plaintiffs in error for a new trial.

"(2) The court erred in not rendering judgment for the defendants, these plaintiffs in error, on the pleadings, testimony and evidence in this case, for the reason the defendant in error, plaintiff below, is not the real party in interest, the said Asbestos Limited never having assigned said bill of exchange to said defendant in error, the plaintiff below.

"(3) The court erred in admitting evidence on the part of the defendant in error, for the reason that said pleadings showed on their face that no proper assignment of said bill of exchange had ever been made from said Asbestos Limited to Salem Trading & Finance Company, the defendant in error, plaintiff below.

"(4) The decision and judgment of the trial court is not sustained by sufficient evidence and is contrary to law."

The only contention seriously urged by attorney for defendants is that:

"On the face of the said pretended assignment, Asbestos Limited did not assign said bill of exchange to Salem Trading & Finance Company, but did assign the same, if at all, to the Saleman Trading & Finance Company an entirely different and distinct company from the one bringing the action, as far as the record shows. There is not one word of evidence, either testimony or record, which would tend to show that the Salem Trading

& Finance Company ever had said bill of exchange assigned to it, and, therefore, the Salem Trading & Finance Company is not the owner of said bill of exchange and is not the party at interest in this action and cannot maintain said action, and the trial court is without jurisdiction to try the same.

And cites section 209, Comp. Stat. 1921, which says the plaintiff must be the real party in interest; and cites the case of Southern Pine Lumber Co. v. Ward et al., 16 Okla. 131, 85 Pac. 459, which holds that the jurisdiction of any court exercising authority over any subject may be inquired into in every other court when brought before the latter by the party claiming the benefit thereof.

Upon a close examination of the record we find from the journal entry that "the court proceeded to hear the evidence, and being fully advised, finds that the allegations of the plaintiff's petition are true." And the journal entry further shows that the court found that the bill of exchange was assigned before maturity by Asbestos Limited to the plaintiff, and that the plaintiff was, at the time of the bringing of the action, the owner and holder thereof.

We find in the motion for new trial that the only grounds set up are irregularity in proceedings, misconduct of the prevailing party, accident and surprise, excessive damages, error in the assessment of the amount of recovery, and that the verdict is not sustained by sufficient evidence and is contrary to law, and in the assignments of error we find that attorney for defendants refers to the testimony taken in the case and complains about admission of certain evidence, and that the judgment is not sustained by sufficient evidence, but upon examination of the entire record we do not find that any of the evidence has been preserved and none of it brought here in the case-made or transcript of the record, and we are, therefore, unable to see how any reversible error can be predicated upon a complaint that the evidence was not sufficient to sustain the judgment of the trial court in this cause. We understand the rule of this court and all other courts to be, that where the judgment shows that evidence was taken and the same is not preserved and brought to this court for its information and review, the presumption must be indulged that there was good and sufficient evidence to sustain the judgment of the trial court, and following this principle of law, we are bound to sustain the judgment of the lower court upon all propositions complained of as to the evidence in this case.

This court, in the early case of United States v. Choctaw, O. & G. R. Co., 3 Okla. 404, 41 Pac. 729, said:

"Evidence having been produced at the hearing below, and the judgment of the court having been rendered thereon, and evidence not having been brought here by case-made or bill of exceptions, this court will not go into an examination as to whether the trial judge erred in rendering the judgment which he did."

To the same effect are the cases of Grand Lodge A. O. U. W. v. Furman, 6 Okla. 649, 52 Pac. 932; Pappe v. American Fire Ins. Co., 8 Okla. 97, 56 Pac. 860; Ragains v. Geiser Mfg. Co., 10 Okla. 544, 63 Pac. 687.

In the case of Bradford v. Cline, 12 Okla. 339, 72 Pac. 369, it was held:

"The Supreme Court will not reverse the decision of the trial court upon a question of fact, where the record as presented to said court does not purport to contain all of the evidence heard in the trial court."

The same principle was decided in the later cases of this court as follows: Washington Co. Abstract Co. v. Harris, 48 Okla. 577, 149 Pac. 1075; James v. Coleman, 64 Okla. 99, 166 Pac. 210; Turk v. Page, 64 Okla. 251, 167 Pac. 462; Bunker v. Harding, 70 Okla. 263, 174 Pac. 749.

Upon an examination of the assignment upon the instrument relied on by plaintiff, we find that the same was indorsed in blank by Asbestos Limited, the payee named in the bill of exchange, and that evidently there was a clerical error in the indorsement by the Salem Trading & Finance Company when the word "Saleman" appears in the indorsement instead of the word "Salem." Under section 7704, Comp. Stats. 1921, a blank indorsement is defined as follows:

"An indorsement in blank specifies no indorsee and an instrument so indorsed is payable to bearer and may be negotiated by delivery."

Under section 7721, Comp. Stats. 1921, we find the right of a holder of a negotiable instrument to be as follows:

"The holder of a negotiable instrument may sue thereon in his own name, and payment to him in due course discharges the instrument."

We are, therefore, of the opinion that the court had jurisdiction of the subject-matter of this action, and that in the absence of the evidence taken at the trial, the same not having been preserved in the record, under the above statutes and cases herein cited, the plaintiff, the holder of the instru-

ment indorsed in blank by the original payee, could maintain the action in this cause, and that the judgment of the trial court should be and it is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. 548 § 2318. (2) 4 C. J. p. 777 § 2727.