### THOMPSON et al. v. THOMPSON et al.

No. 25141.   Sept. 25, 1935.

Rehearing Denied Dec. 10, 1935.

Leander Hall, for plaintiffs in error.

L. A. Justus, Jr., and T. L. Lewis, for defendants in error.

PER CURIAM.  This suit was filed in the district court of Osage county by Lizzie Carter Thompson, and, later, by permission of court, W. N. Tice, her guardian, became a party plaintiff and filed his amended and supplemental petition.

The petition alleged that J. S. Thompson, former husband of Lizzie Carter Thompson,

an incompetent person, had by fraud and duress obtained from her a quitclaim deed to certain lots in Hominy, Okla., which was their homestead; that to defraud plaintiff, Lizzie Carter Thompson, of her rights in said property, the said J. S. Thompson transferred said lots, without consideration, to his daughter, Lena Griffin, who fraudulently conveyed the same to Elwyn B. Smith. Plaintiff prayed for cancellation of said deeds, and that she be decreed a one-half interest in said real estate.  After motions and a demurrer of defendants were overruled, the three defendants answered.  The district judge, after hearing the evidence of both parties, found the issues in favor of the plaintiff below, Lizzie Carter Thompson, canceled the three deeds, as follows; from plaintiff below to J. S. Thompson; from J. S. Thompson to Lena Griffin; and from Lena Griffin to Elwyn B. Smith, and decreed to Lizzie Carter Thompson lots 8 and 9, block 2, Tinker addition to the city of Hominy, Okla., barring and foreclosing the three plaintiffs in error from any right, title or interest in said lots last above mentioned.

The journal entry of judgment occupies 14 pages of the transcript.  Among other things, the court found that the plaintiff below, Lizzie Carter Thompson, an ignorant, uneducated person, had done household and laundry work for other persons, sold butter, chickens and eggs, and contributed to the support of herself and her husband, J. S. Thompson, and also to the payment of a mortgage against the real estate which was in his name, and to the erection of a third house thereon; part of her contributions being derived from her earnings above mentioned, as well as some of her individual money from a guardianship estate, and part from the sale of a house and lot she herself owned in Hominy; the court also found Lizzie Carter Thompson was adjudged an incompetent person prior to her marriage with J. S. Thompson. and that she had the mind of a child eleven or twelve years o'd; that Lena Griffin was the daughter of J. S. Thompson; that the deed from Lizzie Carter Thompson to J. S. Thompson was not her free and voluntary act, and that she was incompetent at the time, and her guardian did not join in said deed, nor was it approved by the county court of Osage county. The court further found the deed from J. S. Thompson to his daughter, Lena Griffin, was not bona fide nor supported by a good and adequate consideration, that it was fraudulent and both J. S. Thompson and Lena Griffin were parties to the perpetration of said fraud upon Lizzie Thompson. The

court also found that defendant Elwyn B. Smith had "full knowledge of the scheme of the defendants, J. S. Thompson and Lena Griffin, to defraud the plaintiff, Lizzie Carter Thompson, out of her rights, title, equities and interest in and to said real estate," and that he was not an innocent purchaser of said real estate.

The court further found that the allegations of J. S. Thompson in his petition for divorce from Lizzie Carter Thompson, cause No. D-4340 district court of Osage county, Okla., that he was still the owner of the real estate involved, were false and untrue, and that as the records then disclosed he had parted with all right, title and interest in said real estate, and it was then owned by Elwyn B. Smith, who was not made a party to said divorce action.

The motions of defendants below for a new trial having been overruled, they have appealed to this court. They advance four assignments of error, as follows:

(1) Error of the court in failing to sustain their motion to dismiss the petition, and in refusing to sustain a demurrer thereto, and in failing to render judgment for plaintiffs in error on their motion for judgment on the pleadings.

(2) Error of the court in failing to sustain the motion of Elwyn B. Smith to quash service by publication.

(3) Error of the court in permitting W. N. Tice, guardian of Lizzie Carter Thompson, to be made a party and plead her incompetency.

(4) Error of the court in permitting the case to be reopened for additional evidence after both sides had rested, and in decreeing lots 8 and 9 to Lizzie Carter Thompson.

Let us consider the above assignments of error:

(1) After reading the pleadings, we find no error in the action of the district judge in so far as the first assignment of error is concerned.

(2) Inasmuch as Elwyn B. Smith entered a general appearance by filing an answer in the case, we can see no merit in the second assignment of error.

(3, 4) Nor do we find any abuse of discretion by the trial judge in his ruling and judgment complained of in assignments of error 3 and 4.

The record discloses that a number of witnesses testified at the trial, but none of the evidence is set out in the transcript herein.

In Bradford et al. v. Cline et al., 12 Okla. 339, 72 P. 369, it is said:

"This court will not reverse the decision of the trial court upon a question of fact, where the record, as presented to this court, does not purport to contain all the evidence heard in the trial court."

In the case of Turk v. Page, 64 Okla. 251, 167 P. 462, this court said:

"The long-established rule in this jurisdiction is:

" 'Where evidence produced at the hearing is not brought up by case-made, the presumption will be indulged that the finding of fact by the trial court is correct.' Washington County Abstract Co. v. Harris, 48 Okla. 577, 149 P. 1075."

Again, in Roy L. Bopst Roofing Co. v. Salem Trading & Finance Co., Inc., 115 Okla. 283, 242 P. 1044, the first paragraph of the syllabus is as follows:

"The Supreme Court will not reverse the decision of the trial court upon a question of fact, where the record as presented to said court does not purport to contain all of the evidence heard in the trial court."

In the case of Citizens' State Bank of Vici v. Boggess et al., 147 Okla. 37, 294 P. 185, the second paragraph of the syllabus recites:

"As the presumption prevails that, when a court of competent jurisdiction has rendered a judgment in relation to any subject-matter within its jurisdiction, such court had before it sufficient evidence to authorize it to award such judgment before this court will reverse a judgment for want of proof, the party complaining must bring here a record showing affirmatively that no sufficient proof was made."

The judge who tried this case also heard the divorce case of J. S. Thompson v. Lizzie Carter Thompson, and he disposed of the appeal from the justice of the peace court in the forcible detainer suit of Elwyn B. Smith v. Lizzie Thompson. This being true, he was in a position to know all the facts. His finding that the plaintiffs in error had entered into a scheme to defraud Lizzie Carter Thompson, an incompetent, uneducated person, and his judgment canceling the deeds mentioned and decreeing to defendant in error the property hereinbefore described will not be disturbed, particularly since none of the evidence offered in the court below has been presented to this court. Let the judgment be affirmed.

The Supreme Court acknowledges the aid of Attorneys C. M. Gordon, A. L. Emery, and Joe S. Eaton in the preparation of this opin-

ion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gordon and approved by Mr. Emery and Mr. Eaton, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.