## BRITTON v. GEORGIA STATE SAVINGS ASS'N OF SAVANNAH, GA.

No. 27558.    Feb. 1, 1938.

Rehearing Denied Feb. 21, 1938.

Second Petition for Rehearing Denied March 15, 1938.

Charles West, for plaintiff in error.

L. D. Threlkeld, for defendant in error.

HURST, J.   On August 14, 1926, defendant's husband, A. V. Britton, executed to plaintiff two notes aggregating the principal sum of $20,000 secured by real estate mortgage. The record indicates that the defendant also signed these instruments. The notes called for the payment of $250 monthly for 120 months, which payments were met for 23 months and 17 days. Britton conveyed the mortgaged property to the defendant. In 1931 Britton died. Defendant refinanced the loan, and a new note and mortgage were executed to plaintiff in the principal sum of $16,100 on August 15, 1932, calling for 120 monthly payments of $201.25. Defendant kept up part of the payments on

the note, but later defaulted, and this action on the note and for foreclosure of the mortgage was instituted.

Defendant's answer set up usury in both transactions above described, in that certain commissions were deducted from the amount of the loans, and in her cross-petition asked for twice the amount of the interest charged in the transactions, and asked to set off this sum against that which she owed plaintiff, and to recover judgment against plaintiff for the balance, with a reasonable attorney fee.

The jury answered a special interrogatory to the effect that there was due from the plaintiff to the defendant the sum of $5,090.-45 on account of usury, and returned a general verdict for the plaintiff for $11,029.11, with interest and attorney fees, less the amount found due on account of usury. Judgment was rendered on the verdict and for foreclosure of the mortgage. The plaintiff filed a motion for new trial, which was overruled, and no appeal was taken by plaintiff. The defendant filed no motion for new trial, but instead, filed a motion for judgment for an additional amount claimed due on account of usury, which motion was overruled, and from that action of the court the defendant appeals.

The defendant contends that, since the first notes were for $20,000 principal and $20,000 interest, and the second note was for $16,100 principal and $16,100 interest, she is entitled to a judgment against plaintiff for $72,200 (which sum represents double the entire amount of interest agreed to be paid), and a reasonable attorney fee. She asserts that the amount of the penalty is fixed by law and is a matter of calculation. Defendant further asserts that, since plaintiff's demand has been satisfied by sale of the property, it is not now entitled to have set off the amount due the plaintiff on the note and mortgage against defendant's claim.

Plaintiff contends that there was no usury whatever in the transactions; that the trial court committed error in instructing the jury that the company receiving the commission during the loan transaction with defendant was plaintiff's agent, as it should have submitted the question of agency to the jury; and that the defendant, in whose favor error was committed by the trial court, has not sustained her plea for reversal by any evidence or pleadings.

The only evidence appearing in the case-made is two exhibits introduced by the plaintiff showing charges and credits on the first loan. No oral testimony and no other documentary evidence appears in the record. Both the first notes and the second note, as stated by the trial court in its second instruction, "are fair upon their face, containing no usury whatsoever." According to the instructions, the usury existed by virtue of certain commissions and deductions from the original amount of the loan. There is no evidence in the record disclosing the amount of these commissions and deductions, nor the circumstances under which they were made. The interrogatory itself was not limited to any one note, but expressly directed the jury to find the amount due by plaintiff to defendant on account of usury having been charged to the defendant "in these transactions."

From this record, this court cannot ascertain upon what basis the jury arrived at the sum given in the answer to the interrogatory to be due defendant on account of usury. Nor can we determine whether the same is or is not correct. This court will not reverse the decision of the trial court upon a question of fact where the record, as presented here, does not purport to contain the evidence heard in the trial court on the question involved on appeal. Section 533, O. S. 1931; Roy L. Bopst Roofing Co. v. Salem Trading & Finance Co. (1926) 115 Okla. 283, 242 P. 1044; Thompson v. Thompson (1935) 175 Okla. 344, 52 P. (2d) 49.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and GIBSON, JJ., concur.